PER CURIAM.
The appellants, Palmer, Acosta and Milan, by consolidated appeal, appeal their convictions for armed conspiracy to traffic in cannabis, robbery with a firearm and possession of a firearm during the commission of a felony. The appellant Fernandez appeals her conviction of conspiracy to traffic in cannabis.
These convictions were the result of a sting operation by the undercover agents of the City of Homestead and a drug ripoff of the contraband by the defendants. Upon conviction the defendants were sentenced as follows: defendants, Acosta, Milan and Palmer were sentenced to concurrent twelve year terms of imprisonment for the conspiracy and trafficking counts, each with a three year minimum mandatory, and for the robbery counts they were sentenced to twelve years concurrent imprisonment, with a three year minimum mandatory to be served consecutive to the conspiracy and trafficking minimum mandatory terms. Defendant, Fernandez was sentenced to a term of imprisonment of eight years, with a minimum mandatory of three years for her conviction on the conspiracy charge.
We find no error in any of the points urged for appeal save and except the stacking of the consecutive minimum mandatory terms. Fonseca v. State, 547 So.2d 1032 (Fla. 3d DCA 1989); Montoya v. State, 489 So.2d 794 (Fla. 3d DCA 1986); Wright v. State, 487 So.2d 1176 (Fla. 1st DCA 1986); Jimenez v. State, 480 So.2d 705 (Fla. 3d DCA 1985); Wiggins v. State, 460 So.2d 483 (Fla. 1st DCA 1984); Orantas v. State, 452 So.2d 68 (Fla.1984). As to the stacking of the minimum mandatories, the way the sentences are worded the defendants, as sentenced, must first serve a minimum mandatory three years under the trafficking statute, Section 893.135(1), Florida Statutes (1990), and then a three year minimum mandatory for possession of a firearm pursuant to the provision of Section 775.087(2), Florida Statutes (1990). We find no error in the stacking, because of the multiple *568 offenses. Palmer v. State, 438 So.2d 1, 4 (Fla.1983); Vann v. State, 366 So.2d 1241 (Fla. 3d DCA 1979). However, because gain time is available as to minimum mandatory time given under Section 893.135(1), Florida Statutes (1990), and not available as to minimum mandatory time given under Section 775.087(2), Florida Statutes (1990) we believe the order of consecutive sentences is error and therefore set aside the order of consecutive sentences and return the matter to the trial court for correction of sentences in accordance with this opinion. In all other respects the verdicts, adjudications, and sentences, are affirmed.
Affirmed in part, reversed in part, with directions.