576 So.2d 884 (1991)
Jerry W. WYCHE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3245.
District Court of Appeal of Florida, First District.
March 21, 1991.
*885 Barbara M. Linthicum, Public Defender, and David Gauldin, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Jerry Wyche, appeals his sentence as a habitual felony offender on the ground that the trial judge based his finding of habitual-offender status on offenses Wyche committed prior to enactment of the habitual-offender statute, and that this violated the prohibition against ex post facto laws. Wyche also claims that Section 775.084, Florida Statutes (Supp. 1989), is unconstitutional. Wyche's first argument was expressly rejected in Cross v. State, 96 Fla. 768, 119 So. 380 (Fla. 1928), and his second argument was rejected in Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), and Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990), review dismissed, 576 So.2d 284 (Fla. 1990). Consequently, we affirm Wyche's habitual felony offender sentence. We reverse, however, certain other departure sentences imposed for probation revocation because the court relied solely on Wyche's status as a habitual felony offender to justify those departures.
Wyche was convicted of possession of cocaine in Case No. 89-828, and was given an enhanced ten-year sentence as a habitual felony offender. As a result of his conviction for such offense, the trial court revoked six earlier sentences of probation. In so doing, the court prepared a guideline scoresheet listing Case No. 89-828 as the "primary offense," and each of the remaining six cases as "additional offenses." Appellant's score was 143 points, which resulted in a recommended range of 3 1/2 to 4 1/2 years in prison. For two of the six earlier offenses, the court imposed two fifteen-year departure sentences to run concurrent with each other, but consecutive to the sentence imposed in Case No. 89-828. The only reason the trial court gave for exceeding the recommended guidelines sentence was Wyche's status as a habitual felony offender.
Wyche's status as a habitual felony offender was not a valid reason to depart from the guidelines. Whitehead v. *886 State, 498 So.2d 863 (Fla. 1987). We therefore reverse the fifteen-year sentences.[1] When all of the departure reasons given have been reversed on appeal, the trial court on remand is not authorized to articulate new reasons for departure. Shull v. Dugger, 515 So.2d 748 (Fla. 1987). Therefore, on remand, the trial court must sentence Wyche within the guidelines recommendation. The court may, of course, utilize the one-cell bump-up provision for probation revocations, pursuant to Florida Rule of Criminal Procedure 3.701(d)14. The total of sentences imposed for all six offenses, however, may not exceed the guidelines range. Fla.R.Crim.P. 3.701(d)12.
In reversing the two fifteen-year sentences, we observe that the scoresheet is incorrect. A sentence imposed upon a defendant as a habitual felony offender is not subject to the sentencing guidelines; therefore, the court should not have listed Case No. 89-828 as the primary offense at conviction. Once Case No. 89-828 (a third-degree felony) is removed from the scoresheet as the primary offense, and either of Wyche's two previous cocaine offenses (both second-degree felonies) is scored as the primary offense, Wyche's score changes slightly, but apparently will still fall within the same presumptive range of 3 1/2 to 4 1/2 years.
AFFIRMED in part, REVERSED in part, and REMANDED with directions to the trial court to remove Case No. 89-828 from the scoresheet as the primary offense, and to impose sentences as to the remaining offenses within the guidelines presumptive range.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Case Nos. 87-699 and 87-728.