591 So.2d 1103 (1992)
Dwayne Leonard DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1199.
District Court of Appeal of Florida, Fifth District.
January 3, 1992.
*1104 James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
In November 1990, Dwayne Leonard Daniels was convicted of armed burglary and carrying a concealed weapon. He was placed on community control to be followed by probation. Daniels subsequently violated probation by committing a new burglary offense, entered a nolo contendere plea to this subsequent offense, and admitted the violation of probation.
He appeared for sentencing in both cases on May 13, 1991. Pursuant to notice, defendant was sentenced as an habitual offender on the subsequent burglary offense to 10 years incarceration. For the prior burglary offense, probation was revoked and defendant was sentenced to a concurrent 10 year term of incarceration to be followed by 15 years probation. For the prior offense of carrying a concealed weapon, defendant was sentenced to time served.
Daniels argues on appeal that the 10 year sentence for the prior burglary offense exceeds the maximum guideline sentence. We agree and reverse. When Daniels was initially sentenced for the prior burglary, the scoresheet reflected a recommended range of community control or 12-30 months incarceration. Once Daniels admitted violating probation, the trial court was allowed to use the one cell bump-up[1] and sentence him within the recommended range of 2 1/2-3 1/2 years incarceration, or the permitted range of community control or 1-4 1/2 years incarceration. See Fla. R.Crim.P. 3.988(e). Since Daniels was adjudicated an habitual offender as to the subsequent burglary offense, thereby removing that offense from guideline consideration,[2] there was no need to prepare a new scoresheet. The original scoresheet should have been utilized in sentencing defendant for the prior offenses. The trial court exceeded the guidelines in sentencing defendant to 10 years incarceration for the prior burglary offense. The habitual offender sentence is affirmed, but the split sentence for the prior burglary is reversed and remanded for resentencing. See Lambert *1105 v. State, 545 So.2d 838 (Fla. 1989); Furlow v. State, 579 So.2d 910 (Fla. 5th DCA 1991) (where a defendant violated probation, his original scoresheet, adjusted for the one cell bump-up, should have been used for sentencing following revocation).
REVERSED and REMANDED for resentencing.
GOSHORN, C.J., and HARRIS and PETERSON, JJ., concur.
NOTES
[1] See Fla.R.Crim.P. 3.701(d)14.
[2] See § 775.084(4)(e), Fla. Stat. (1989).