PER CURIAM.
Donald A. Alloway has appealed from a sentence imposed using an incorrect sentencing guidelines scoresheet. We reverse, and remand for resentencing.
In July 1987, Alloway pled nolo conten-dere to robbery. He initially received a probationary term, but the court imposed community control following a revocation of probation. Thereafter, in October 1990, seven two-count informations were filed against Alloway alleging the sale and possession of cocaine. Alloway pled nolo con-tendere to these charges, in exchange for concurrent 30 year terms as an habitual offender, and a concurrent sentence for an admitted violation of community control. The trial court thereafter sentenced Allo-way as an habitual offender to concurrent 30 year terms for each sale charge, and concurrent 10 year terms for each possession charge.
In sentencing Alloway for the violation of community control, the court used a Category 7 “Drugs” scoresheet, with one of the October 1990 sale offenses as the “primary offense at conviction.” Alloway scored 196 points, corresponding to a permitted sentencing range of 5½ to 12 years. The one-cell increase allowed for violation of community control resulted in a permitted range of 7 to 17 years. The trial court sentenced Alloway within this range to a concurrent 15 year term on the community control violation.
Alloway argues that, under Wyche v. State, 576 So.2d 884 (Fla. 1st DCA 1991), the trial court improperly used the “Drugs” scoresheet. Wyche held that, because an habitual offender sentence is not subject to the guidelines, the corresponding offense cannot be scored as the primary offense at conviction when sentencing at the same time for revocation of probation or community control. Wyche at 886. Alloway contends that a Category 3 “Robbery” scoresheet should have been used. On that scoresheet, he would have scored 50 points, which corresponds to a recommended range of 12 to 30 months incarceration. Alloway maintains that resentenc-ing must be within the guidelines, in that the trial court did not provide written reasons for the 15 year departure sentence.
The state concedes that the trial court used the incorrect scoresheet, and that Al-loway must be resentenced. However, it contends that the court can reconsider departure, citing Roberts v. State, 547 So.2d 129 (Fla.1989). Roberts held that, when a trial court uses an improper scoresheet in imposing the original sentence, without intent to depart, it may reconsider departure using the correct scoresheet. Roberts at 131.
We concur in the state’s position and reverse the sentence imposed for the violation of community control, and remand for resentencing. Because the trial court imposed a departure sentence using an incorrect scoresheet, without intent to depart, it may reconsider departure using the correct scoresheet. Roberts.
*1195 Reversed and remanded for resentencing as to the violation of community control.
JOANOS, C.J., and BOOTH and KAHN, JJ., concur.