ON MOTION FOR REHEARING
DAUKSCH, Judge.
We withdraw the previous opinion and issue the following in its stead.
This is another sentencing guideline appeal involving the scoring of legal status points. In seven circuit court cases, appellant was convicted of numerous forgery, uttering a forgery,' and petit theft offenses. She received sentences totalling twenty-five years incarceration followed by fifteen years probation. In Circuit Court Case No. 90-16191, involving ten felonies and five misdemeanors, appellant was adjudicated a habitual felony offender. The other six cases involved prior offenses for which appellant had been placed on probation or community control. In the scoresheet adopted by the trial court, the fifteen convictions in Case No. 90-16191 were scored as the primary and additional offenses. The scoresheet multiplied the legal status points by the number of offenses committed by appellant while under legal constraint. Subsequent to sentencing, the Supreme Court of Florida held that a legal constraint multiplier could not be used in scoring legal status points. See Flowers v. State, 586 So.2d 1058 (Fla.1991).
Although appellant raised only the legal status issue on appeal, we note for purposes of resentencing that the fifteen convictions in Case No. 90-16191 should not have been included on the score-sheet. Appellant was adjudicated a habitual felony offender as to the ten felonies thereby removing those convictions from guideline consideration. See Daniels v. State, 591 So.2d 1103 (Fla. 5th DCA 1992). See also § 775.084(4)(e), Fla.Stat. (1991). It was not necessary to prepare a new scoresheet for the five misdemeanors since those convictions cannot be scored as primary offenses under the guidelines. Because the convictions in the six other cases were for prior offenses and were scored as prior record, the original scoresheet prepared for those eases should have been used at sentencing upon the revocation of probation. Daniels, supra. If in the future appellant commits another crime then the sentencing court may use all prior convictions, including these for which she is “habitualized” for scoring as prior record.
We affirm the judgment and sentence in Case No. 90-16191, since they are not affected by the guideline errors discussed above. We affirm the judgments but vacate the sentences in the six other cases and remand for resentencing. If the trial court uses a scoresheet that contains a legal constraint multiplier, that error should be corrected.
AFFIRMED in part, REVERSED in part and REMANDED.
COWART and HARRIS, JJ., concur.