PARKER, Judge.
Aaron Denmark, Jr., appeals his convictions for false imprisonment, two counts of lewd act on a child, and two counts of battery. Although we affirm on all charges, we shall discuss Denmark’s conviction for false imprisonment.
Denmark was charged with kidnapping, two counts of a lewd act upon a child, and two counts of battery. A fifteen-year-old victim testified that Denmark grabbed her from outside his apartment doorway and moved her a distance of about two feet onto his couch where he proceeded to fondle her and bite her breast. This conduct took a few minutes. As to the kidnapping charge, the jury returned a verdict of guilty of false imprisonment.
This court has held that a defendant cannot be convicted of false imprisonment if the purpose of the confinement was to commit or facilitate the commission of a felony. Shelby v. State, 541 So.2d 1219 (Fla. 2d DCA 1989); see also § 787.02(l)(a), Fla. Stat. (1989). Taking the victim’s testimony as true, there can be no other reasonable interpretation of the evidence presented in this case other than that the purpose of the confinement was to facilitate the commission of the lewd acts. It, therefore, would appear that Denmark should be entitled to a posttrial judgment of acquittal on the *846 charge of false imprisonment after the jury found him not guilty of kidnapping and guilty of the lesser included offense of false imprisonment.[1]
Our supreme court, however, has concluded that false imprisonment is a necessarily lesser included offense of kidnapping; therefore, the trial judge must give the jury the instruction for false imprisonment when a defendant is charged with kidnapping. State v. Sanborn, 533 So.2d 1169 (Fla.1988). The supreme court has reasoned that the trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense because the jury has the right to exercise its power to pardon the defendant. State v. Wimberly, 498 So.2d 929 (Fla.1986). This is the rule even if the state has failed to prove all of the elements of the necessarily lesser included offense. Justice Shaw recognized this anomaly in his dissent in Wimberly when he stated the following:
The majority opinion forces the jury to choose between conflicting instructions: the jury is instructed on the one hand to bring back a verdict based upon the evidence, and in the same breath they are told that they may, however, bring back verdicts that have nothing to do with the evidence and which may be totally ridiculous in light of the evidence.
While I agree that instructing the jury on necessarily included offenses is a legitimate and necessary device for assisting the jury in rendering a true verdict, this practice was not created for the purpose of affording the jury pardon power that ignores the proof.
Wimberly, 498 So.2d at 933 (footnote omitted) (Shaw, J., dissenting). Although we recognize that Denmark has been convicted of a crime in which the proof at trial would not permit a conviction of false imprisonment, we must affirm.
RYDER, A.C.J., and PATTERSON, J., concur.

.The standard jury instruction for false imprisonment provides:
Before you can find the defendant guilty of False Imprisonment, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [forcibly] [secretly]
[by threat]
[confined]
[abducted]
[imprisoned]
[restrained]
(victim) against [his] [her] will.
2. (Defendant) had no lawful authority.
3. (Defendant) acted for any purpose other than to:
(a) hold for ransom or reward or as a shield or hostage.
(b) commit or facilitate commission or any felony.
(c) inflict bodily harm upon or to terrorize the victim or another person.
(d) interfere with the performance of any governmental or political function.
Fla.Std Jury Instr. (Crim.), at 94b, (false imprisonment) (1981).