608 So.2d 93 (1992)
Daniel J. RICARDO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02760.
District Court of Appeal of Florida, Second District.
October 28, 1992.
*94 James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, sentenced on seven offenses for a total of fifty-five years in prison, argues that the court made a number of sentencing errors. We agree and reverse.
Appellant was before the court for sentencing on the following seven offenses:
1. No. 84-5520; grand theft; third degree felony; on a revocation of community control.
2. No. 84-6767; obtaining property in return for a worthless check; third degree felony; on a revocation of community control.
3. No. 84-7034; obtaining property in return for a worthless check; third degree felony; on a revocation of community control; court filed subsequent felony notice.
4. No. 89-13466; obtaining property by worthless check; third degree felony; on a revocation of community control; court filed subsequent felony notice.
5. No. 89-18664; grand theft; third degree felony; on a revocation of community control; court filed subsequent felony notice.
6. No. 89-19089; cashing or depositing item with intent to defraud; third degree felony; on a revocation of community control; court filed subsequent felony notice.
7. No. 91-3354; grand theft; third degree felony; new offense; court filed subsequent felony notice.
In sentencing appellant, the court habitualized him on the last four offenses (89-13466, 89-18664, 89-19089 and 91-3354), and sentenced him on the remaining three cases under the guidelines. However, in calculating the scoresheet, the court used 89-13466 (obtaining property by worthless check), a habitualized offense, as the primary offense at conviction.
Appellant was sentenced to three consecutive five-year sentences on the three 1984 cases, followed by four consecutive ten-year habitual offender sentences on the remaining four cases, for a total of fifty-five years.
In challenging his sentence, appellant argues that the court should not have used a habitualized offense (No. 89-13466) as the primary offense at conviction. We agree. By habitualizing an offense and giving a defendant a habitualized sentence on that offense, the court removes that offense from sentencing under the guidelines. King v. State, 597 So.2d 309, 315 (Fla. 2d DCA 1992); Silliker v. State, 598 So.2d 133 (Fla. 5th DCA 1992); Wyche v. *95 State, 576 So.2d 884, 886 (Fla. 1st DCA 1991). We hasten to add that while this reasoning prevents a court from using a habitualized offense as either the primary offense at conviction or as an additional offense at conviction, the court may use a previous habitual offense subsequently as prior record, so long as the commission of the habitual offense precedes the commission of the primary offense. Silliker, 598 So.2d at 134.
We, therefore, reverse and remand for resentencing with a scoresheet that does not use any of appellant's habitualized offenses either as the primary offense at conviction or as additional offenses at conviction. The primary offense at conviction should be that guidelines offense which, when scored on the scoresheet, recommends the most severe sanction.
The state concedes that, if we follow Wyche and Silliker, appellant's arguments concerning the use of the same category, modifier and legal constraint are correct. In view of our agreement with those cases, we conclude that the court made numerous errors in sentencing appellant, including computational errors, and that we must reverse and remand for resentencing with a proper scoresheet.
Appellant has also argued on appeal that the court erred in running appellant's maximum habitual offender sentences consecutive to his maximum guidelines sentences. He maintains that, by so structuring the sentence, the court has denied him both gain time and a control release date to which he is entitled. He argues that he should be able to serve his most severe sentences, for the four ten-year habitualized offenses, first, and then serve his less severe, guidelines sentences last. We agree.
In Palmer v. State, 571 So.2d 567 (Fla. 3d DCA 1990), the Third District found that when stacking minimum mandatory sentences, the sentences should be ordered so that the sentence that does not allow for gain time is served first and the sentence that does allow for gain time is served last.
From our calculations, we conclude that although appellant will receive the benefit of his gain time regardless of the order of his sentences, he may not receive the benefit of control release under section 947.146, Florida Statutes (1989). Under that section, due to prison overcrowding, all inmates are entitled to a control release date soon after they are incarcerated, with certain exceptions. Although appellant's prior sexual offense in Texas may prevent him from obtaining such a date in any event, we cannot be certain how the Department of Corrections determines and calculates such matters. This sentencing structure could, therefore, possibly deprive appellant of a benefit to which he is entitled. We, accordingly, disapprove of such a structure and reverse on this point as well.
The state appears to concede that the court should not have scored appellant's Texas "rape of a child" offense as a first degree punishable by life offense, but should have scored it as a second degree felony.
Finally, appellant argues that, by ordering appellant to serve his habitual sentences consecutive to his guidelines sentences, the court departed from the guidelines and exceeded the maximum. However, this court has found in Boomer v. State, 596 So.2d 730 (Fla. 2d DCA 1991), rev. pending, No. 79,638, that a nonguidelines sentence (habitual offender sentence) is not to be considered when calculating the maximum guidelines sentence. Therefore, a proper guidelines sentence can be ordered consecutive to a proper habitual offender sentence even if that means that the total time served exceeds the guidelines maximum.
The habitual offender sentences here are outside the guidelines and should not be considered in determining the maximum guidelines sentence. On remand, so long as the guidelines sentences are proper, they may be ordered consecutive to the habitual offender sentences with no guidelines effect.
For the reasons above, we reverse and remand appellant's sentences with directions *96 to resentence appellant in accord with this opinion.
RYDER, A.C.J., and BLUE, J., concur.