DANAHY, Acting Chief Judge.
For offenses occurring on March 14, 1988, during one continuous criminal episode, the state charged appellant with armed burglary, armed robbery, grand theft, possession of a firearm by a convicted felon, aggravated assault, sexual battery, and kidnapping. At trial, the jury found him guilty of all counts as charged except for the kidnapping count, which the jury reduced to false imprisonment. We find without merit the appellant’s argument that his conviction for false imprisonment cannot stand in the face of the convictions for sexual battery. See Denmark v. State, 604 So.2d 845 (Fla. 2d DCA 1992). Likewise, we find no merit in his claim that the state did not prove a prima facie case of possession of a firearm by a convicted felon.
We do find, however, that he has demonstrated two errors which require our reversal. First, his crimes occurred in the Carawan window, Carawan v. State, 515 *912 So.2d 161 (Fla.1987), and State v. Smith, 547 So.2d 613 (Fla.1989). The law of Florida at that time protected a defendant’s right against double jeopardy by mandating that his convictions for grand theft and aggravated assault not stand together with the conviction for armed robbery. State v. Bing, 514 So.2d 1101 (Fla.1987); Kelly v. State, 546 So.2d 441 (Fla. 2d DCA 1989) (double jeopardy violated to convict for grand theft and armed robbery); Sands v. State, 542 So.2d 436 (Fla. 2d DCA 1989) (double jeopardy violated to convict for aggravated assault and armed robbery). This is so because the crimes occurred during one continuous criminal episode and are predicated on the same act. Thus, it was error for the court to convict the appellant of aggravated assault and grand theft while also convicting him of armed robbery.
Second, the appellant correctly claims that the trial court erred in sentencing him to an upward departure sentence without providing any written reasons. The scoresheet showed a recommended and a permitted sentence up to life in prison.[1] The trial court sentenced the appellant to life in prison on the sexual battery count, and on the remaining counts to sentences ranging from 5 to 40 years to be served concurrently to each other but consecutively to the life sentence. It is a departure sentence to impose life followed by a term of years when the recommended sentence is life. Rease v. State, 493 So.2d 454 (Fla. 1986); Wood v. State, 593 So.2d 557 (Fla. 5th DCA 1992); Green v. State, 581 So.2d 253 (Fla. 5th DCA 1991). The trial court erred by failing to supply written reasons to justify the departure sentence it imposed.
Accordingly, we affirm the convictions for armed burglary, armed robbery, possession of a firearm by a convicted felon, sexual battery, and false imprisonment. We reverse the convictions for aggravated assault and grand theft. The record shows that deleting the points scored for the convictions of aggravated assault and grand theft do not change the cell into which the appellant fell on his scoresheet. That this error appears harmless is deceptive because an improper scoresheet was used at sentencing. On remand the state shall prepare a proper scoresheet for the trial court to consider, i.e., one which was in effect at the time the appellant committed his crimes, one without permitted ranges. Since the record is unclear whether the trial court knew it was departing, the trial court may choose to depart again if valid written departure reasons are provided. State v. Betancourt, 552 So.2d 1107 (Fla. 1989).[2]
FRANK and HALL, JJ., concur.

. The scoresheet prepared by the assistant state attorney was not in effect on the date that the appellant committed his crimes and therefore was the improper scoresheet to use. The use of permitted ranges was not allowed until July 1, 1988, a date after the appellant committed these crimes.

. Our disposition is without prejudice to the appellant timely renewing his rule 3.850 motion.