626 So.2d 240 (1993)
Willie B. OWENS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-00298.
District Court of Appeal of Florida, Second District.
September 1, 1993.
Rehearing Denied November 3, 1993.
*241 James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Willie B. Owens, Jr., appeals his convictions for first-degree burglary (count I), sexual battery with a deadly weapon (count II), robbery with a deadly weapon (count III), aggravated battery (count IV), and aggravated assault (count V) and also appeals the sentences imposed thereon. We affirm the convictions but remand for correction of sentencing errors in counts I, II, III, and V.
Owens has raised three points on appeal that involve evidentiary rulings of the trial court. The first two points are without merit and will not be discussed. Owens's third point on appeal challenging testimony about an unidentified exhibit is meritorious; however, we find this error harmless beyond a reasonable doubt. Exhibit 33 was a print that an officer lifted from the shutter frame on the outside of the victim's house. The officer never identified exhibit 33 during his testimony. A latent print examiner compared the print on exhibit 33 with a known print of appellant and testified that exhibit 33 contained appellant's print. Defense counsel objected to both the admission into evidence of exhibit 33 and the print examiner's testimony regarding the exhibit. It was error for the trial court to admit exhibit 33 and the testimony about the origin of the print because the state provided no predicate for its admission. This error, however, was harmless beyond a reasonable doubt. There were other prints which witnesses identified properly which placed appellant at the scene. Thus, this exhibit and testimony were cumulative, making the error harmless. See Lawrence v. State, 614 So.2d 1092 (Fla. 1993), *242 cert. denied, ___ U.S. ___, 114 S.Ct. 107, 126 L.Ed.2d 73 (1993). Moreover, there was other evidence linking appellant to the crime such as the DNA evidence and the victim's identification of appellant. It can be said beyond a reasonable doubt that the error regarding exhibit 33 did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Owens also raised a double jeopardy argument as to all offenses. We address only his argument that he cannot be convicted of both armed robbery and aggravated assault. This court, in Sands v. State, 542 So.2d 436 (Fla. 2d DCA 1989) and Netherly v. State, 608 So.2d 911 (Fla. 2d DCA 1992), has held that convictions for armed robbery and either assault or aggravated assault violate double jeopardy. This court based its holding on the conclusion that assault is a necessarily lesser included offense of armed robbery. The recent supreme court opinion of Taylor v. State, 608 So.2d 804 (Fla. 1992) casts doubt upon the correctness of the Sands and Netherly opinions. Taylor held that aggravated assault is not a category-one necessarily lesser included offense of armed robbery. Taylor, 608 So.2d at 805. The Fourth District, in Stone v. State, 616 So.2d 643 (Fla. 4th DCA 1993), has applied Taylor to hold that there is no double jeopardy violation when a defendant is convicted of aggravated assault and armed robbery. We conclude that Taylor now makes it clear that there is no double jeopardy prohibition against convictions for aggravated assault and armed robbery and, therefore, affirm appellant's convictions.[1]
Owens's other points on appeal involve sentencing issues. The trial court imposed the following sentences: a life sentence on count II; thirty years' imprisonment on count IV to run concurrently with count II; a life sentence on count I to run consecutively to the sentence on count II; a life sentence on count III to run concurrently with the sentence on count I and consecutively with count II; and fifteen years' imprisonment on count V to run concurrently with the sentence in count I and consecutively with count II. The trial court adjudicated Owens a habitual offender and sentenced him as such on all counts.
Owens argues that the trial court erred in adjudicating and sentencing him as a habitual offender under count II, sexual battery with a deadly weapon. This offense is a life felony, see § 794.011, Fla. Stat. (1989), and appellant is correct that he should not have been habitualized in count II. See Lamont v. State, 610 So.2d 435 (Fla. 1992). We remand for correction of the judgment and sentence to reflect that appellant was not adjudicated and sentenced as a habitual offender in count II.
Now that we have determined that Owens should not have been habitualized for count II, we consider his next claim that it was reversible error for the trial court to run the habitualized sentences consecutive to the sentence on count II, the nonhabitualized life felony. This court disapproved of a sentencing structure when a trial court ran a habitualized sentence consecutive to a guidelines sentence. See Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992). The reason for this court's disapproval was the fact that the defendant may not receive the benefit of controlled release. This reason is inapplicable to the instant case in that Owens is not eligible for controlled release because of his conviction for sexual battery. See § 947.146(4)(c), Fla. Stat. (1989). Thus, the sentencing structure in this case was not reversible error.
Next Owens claims that it was error to score the habitualized offenses as additional offenses at conviction. Ricardo held that a court cannot use a habitualized offense as an additional offense at conviction. Ricardo, 608 So.2d at 95. The error, however, is *243 harmless because a deletion of those points does not change the recommended range. See Gibbons v. State, 543 So.2d 860 (Fla. 2d DCA 1989).
Owens challenges the fifteen-year sentence he received on count V. Count V, aggravated assault, is a third-degree felony. § 784.021, Fla. Stat. (1989). The maximum habitual offender sentence for a third-degree felony is ten years. § 775.084(4)(a)3, Fla. Stat. (1989). The state concedes that the trial court committed error in sentencing appellant to fifteen years on this count. We remand count V for correction of the sentence.
Owens also correctly asserts that the trial judge believed that it was mandatory that he impose life sentences on the first-degree felonies in counts I and III. Subsequent to the sentencing, the supreme court held that imposition of a habitualized sentence is permissive and not mandatory. See Burdick v. State, 594 So.2d 267 (Fla. 1992). Although the customary disposition of an appeal of this issue is for the appellate court to remand for resentencing for the trial court's determination of whether to impose a habitualized sentence, the trial judge in this case made many findings which demonstrated that he thought Owens should be put away for life. Under these circumstances, we could conclude that the error was harmless based on the trial court's findings; however, because we must remand for a correction of other sentencing errors, we remand to the trial court to reconsider the life sentences on the first-degree felonies in light of Burdick.
Owens also claims that the trial court failed to make the findings required by the habitual offender statute and that the state did not have adequate proof to support habitualization. We conclude that these arguments have no merit and decline to discuss them.
We affirm all convictions; remand for correction of the judgment and sentence to show that the defendant is not adjudicated and sentenced as a habitual offender on count II; reverse and remand for resentencing on counts I, III, and V; and affirm the sentence on count IV.
RYDER, A.C.J., and BLUE, J., concur.
NOTES
[1] The supreme court specifically ruled that there was no double jeopardy violation when a defendant had been convicted of both aggravated assault and armed robbery in State v. Baker, 452 So.2d 927 (Fla. 1984). Perhaps this court did not follow Baker in Sands and Netherly because it believed that Royal v. State, 490 So.2d 44 (Fla. 1986) sub silentio overruled Baker, as the Fifth District held in Richardson v. State, 523 So.2d 746 (Fla. 5th DCA 1988) and Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988). Taylor, however, receded from Royal. Taylor, 608 So.2d at 805.