703 So.2d 1131 (1997)
Nelson Luis PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02510.
District Court of Appeal of Florida, Second District.
December 3, 1997.
*1132 Christopher M. Sierra of Sierra, Gustafson & Sierra, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Nelson Luis Perez appeals sentences imposed for numerous convictions in four separate cases. The sentences imposed in two of the cases exceed the sentences recommended by the sentencing guidelines, and no written reasons for departure were filed. We, therefore, reverse those sentences, but affirm the remaining sentences.
In circuit court case numbers 96-746 and 96-2921, Perez received written notice of the state's intention to seek habitual felony offender penalties. He was thereafter found to be a habitual felony offender and was sentenced as such. Perez does not allege, nor do we find, error in the imposition of those sentences. We, therefore, affirm those sentences.
In circuit court case numbers 95-12345 and 96-3632, the state did not file habitual offender notices, and the trial court did not sentence Perez as a habitual felony offender. In each of those cases, Perez was sentenced to five years in prison, concurrent with the other sentences. The sentences imposed in case numbers 95-12345 and 96-3632 exceed the sentences permitted by the sentencing guidelines. The record does not contain a written statement delineating reasons for the departure, as required by section 921.0016(1)(c), Florida Statutes (1995). We, therefore, reverse and remand for resentencing. It appears from the transcript of the sentencing proceeding that the trial court was not aware the sentences imposed exceeded the guidelines. Thus, the trial court may again impose a departure sentence on remand, upon compliance with section 921.0016(1)(c). See State v. Vanhorn, 561 So.2d 584 (Fla.1990).
Although not raised by the parties, we found errors in the sentencing guidelines scoresheet filed in case number 96-3632. The scoresheet lists improper exhibition of a dangerous weapon as an additional offense. This charge, however, was nolle prossed by the state. The scoresheet also includes points for offenses on which Perez was sentenced as a habitual felony offender. This was error. See Watson v. State, 658 So.2d 118 (Fla. 2d DCA 1995); Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992). The scoresheet should be corrected on remand.
Affirmed in part; reversed in part, and remanded for resentencing.
CAMPBELL, A.C.J., and THREADGILL and QUINCE, JJ., concur.