WHATLEY, Judge.
Robert Earl Trotter filed a petition for writ of habeas corpus, requesting a belated appeal of his judgments and sentences. This court granted his petition and this appeal follows. We affirm Trotter’s judgments without discussion and reverse his sentences.
Trotter entered an open plea of guilty to eight counts of sexual battery, two counts of robbery, one count of burglary of a dwelling with assault or battery with a dangerous weapon, and one count of kidnapping. Trotter was sentenced ás a habitual offender to 30 years in prison for the kidnapping conviction, and he was sentenced as a habitual offender to eleven life sentences for the other eleven convictions. All sentences were imposed consecutively.
The State correctly notes that sexual battery is a life felony, which was not subject to habitualization in 1991. See Anthony v. State, 585 So.2d 1172 (Fla. 2d DCA 1991). Therefore, Trotter was improperly sentenced as a habitual offender for counts one through eight. We reverse Trotter’s sentence for the eight sexual battery convictions and remand the case for the trial court to resentence Trotter pursuant to the guidelines. However, the trial court may depart from the guidelines if valid reasons for departure are given, because it did not realize it was imposing a departure sentence initially. See Jackson v. State, 599 So.2d 275 (Fla. 2d DCA 1992). The convictions for which Trotter was habitualized should not be included in the scoresheet. See Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992).
Although the trial court announced that it was sentencing Trotter as a habitual offender on all charges, none of Trotter’s sentences reflect that he was habitualized. Consequently, the scrivener’s error in counts nine through twelve should be corrected to reflect that Trotter was sentenced as a habitual offender.
Additionally, Trotter argues that the trial court erred in imposing consecutive habitual offender sentences for offenses arising out of a single criminal episode. We agree that, pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), consecutive habitual offender sentences for offenses arising out of a single criminal episode are improper. We reverse and remand counts nine through twelve for the trial court to determine whether those offenses arose out of a single criminal episode. We also note that any guidelines sentence imposed for counts one through eight may be ordered consecutive to a habitual offender sentence imposed for counts nine through twelve. See Ricardo v. State, 608 So.2d 93, 95 (Fla. 2d DCA 1992).
Judgments affirmed; sentences reversed and remanded with directions.
ALTÉNBERND, A.C.J., and QUINCE, J., concur.