FRANK, Judge.
In these consolidated appeals, Allison challenges his sentences in circuit court case numbers 92-1547 and 93-429. He contends, and the State concedes, that the trial court erred in utilizing separate guidelines score-sheets in sentencing him for the criminal conduct committed in each of the two cases. We reverse.
The trial court’s sentencing of Allison based on two separate scoresheets and ordering the sentences to run consecutively resulted in an upward departure sentence for which no written reasons were provided. Allison’s two pre-1994 crimes required the trial court to use a single scoresheet. See State v. Tito, 616 So.2d 39 (Fla.1993). Accordingly, we reverse and remand for resentencing.
We also note that the transcript of the sentencing hearing reflects the trial court’s lack of awareness that it was departing from the sentencing guidelines. On remand, the trial court may depart from the guidelines, but it must file written reasons to support the departure. See Perez v. State, 703 So.2d 1131 (Fla. 2d DCA 1997).
*883 We reverse the sentences in case numbers 92-1547 and 98-429 and remand for resen-tencing in accordance with this opinion.
PARKER, C.J., and FULMER, J., Concur.