COPE, J.
Tony N. Hunter appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
As alleged in defendant-appellant Hunter’s motion, in 1991 he pled guilty to reduced charges of attempted second degree murder and manslaughter with a firearm, as well as unlawful possession of a firearm while engaged in a criminal offense. Pursuant to the plea bargain, he was sentenced to a habitual offender term of twenty-seven years imprisonment on the first two offenses with a three-year mandatory minimum sentence, and a guidelines fifteen-year term of imprisonment on the third offense.
Defendant contends that he agreed to the twenty-seven-year sentences on the understanding that the twenty-seven-year sentences were within the sentencing guidelines. The guidelines scoresheet indicated that the permitted range was seventeen to forty years.
In his motion, defendant contends that the habitualized offenses should have been excluded from the guidelines scoresheet and, if excluded, would have resulted in a lower sentencing guidelines range. Defendant argues that under State v. Mancino, 714 So.2d 429 (Fla.1998), “A sentence that patently fails to comport with statutory or constitutional limitations is by definition ‘illegal’.” Id. at 433. He asserts that the claimed error renders his sentence “illegal” within the meaning of Mancino. We disagree.
In substance defendant’s claim is that his plea was involuntary because of an error in preparing the scoresheet. By its express terms, Rule 3.850(a) is the correct motion to use for a claim “that the plea was given involuntarily....” Defendant’s motion is in reality a Rule 3.850 motion and as such, is time-barred. See Fla. R.Crim. P. 3.850(b).
Assuming no procedural bar, the claim is without merit. Defendant argues that under Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992), it is inappropriate to use a habitualized offense as the primary offense at conviction or as an additional offense at conviction, where a trial court in a simultaneous sentencing imposes habitual offender dispositions on some counts but guidelines dispositions on other counts. See id. at 94-95; see also Alexander v. State, 680 So.2d 635 (Fla. 4th DCA 1996); Chapman v. State, 672 So.2d 637 (Fla. 5th DCA 1996); Eaddy v. State, 626 So.2d 291 (Fla. 4th DCA 1993).* The logic of Ricardo is apparently that it would unfairly increase the permitted sentence for the guidelines sentences if simultaneously-sentenced habitualized offenses are counted as the primary offense, or additional offenses, at conviction. The intent, in other words, is addressed only to the guidelines sentences, not the habitual offender sentences.
*12 The present situation is completely different. Assuming that the defendant wanted to agree to habitual offender sentences that were within the sentencing guidelines (there is nothing stated about this in the plea colloquy), the scoresheet was calculated correctly. In the type of plea arrangement the defendant is describing, the defendant’s objective in the plea bargain is to be sure that his habitual offender sentence is not any longer than the sentence he could have received under the sentencing guidelines had he gone to trial. In order to perform that calculation, it is entirely appropriate to score all of the sentences, including the offenses on which the defendant is to be habitualized.
In his second point, defendant contends that there is a double jeopardy violation by reason of the adjudication and sentence on the firearm offense. That claim is rejected on authority of Novaton v. State, 634 So.2d 607 (Fla.1994).
Affirmed.

 We express no opinion on the correctness of Ricardo and the other cited cases.