744 So.2d 584 (1999)
Ron Kimberly DRAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00445.
District Court of Appeal of Florida, Second District.
November 17, 1999.
*585 Ron Kimberly Drayton, Pro Se.
Joseph N. D'Achille Jr., Titusville, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Ron Kimberly Drayton raises several issues in this appeal of his convictions and sentences for obstructing or opposing a law enforcement officer with violence, battery on a law enforcement officer, and assault on a law enforcement officer. We affirm Drayton's convictions. However, we find merit in Drayton's contention that the trial court based its sentences upon an improper scoresheet. Although Drayton failed to preserve the scoresheet issue for review, we have discretion under Denson v. State, 711 So.2d 1225 (Fla. 2d DCA 1998), to correct any serious, patent sentencing error or illegal sentence because we have jurisdiction on other preserved issues. See id. at 1226; accord Bain v. State, 730 So.2d 296, 304 (Fla. 2d DCA 1999) (en banc).
After imposing a habitualized sentence for count one, resisting an officer with violence, the trial court then used a guidelines scoresheet for counts two and three, listing the same habitualized count one offense as the primary offense. The trial court imposed a consecutive statutory maximum five-year sentence on count two, battery on a law enforcement officer, and a time-served sentence on count three, assault on a law enforcement officer. Although these sentences were within the permitted range on the guidelines scoresheet, Drayton questions the accuracy of that scoresheet.
We agree that the scoresheet was incorrect. "By habitualizing an offense and giving a defendant a habitualized sentence on that offense, the court removes that offense from sentencing under the guidelines." Ricardo v. State, 608 So.2d 93, 94 (Fla. 2d DCA 1992). Accordingly, *586 the trial court erred in listing the count one offense on the scoresheet. Therefore, we vacate Drayton's sentences as to counts two and three, and remand for resentencing with directions to omit the habitualized offense from the scoresheet. See id. at 95.
We also note that Drayton's scoresheet included victim injury points for the guidelines offenses of battery on a law enforcement officer and assault on a law enforcement officer. Although the jury properly convicted Drayton of battery on a law enforcement officer, the record before us is insufficient to support victim injury points because it contains no evidence that Officer Womack suffered any injury when Drayton struck Officer Womack's head. See Terrell v. State, 668 So.2d 656, 657 (Fla. 2d DCA 1996); Lynn v. State, 687 So.2d 39, 42 (Fla. 5th DCA 1997) (deputy's testimony that defendant kicked him insufficient to assess victim injury points with no testimony that kick caused discomfort or injury). Therefore, on remand, the trial court should reconsider, based on the facts in evidence, whether to include victim injury points on Drayton's scoresheet.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.