THREADGILL, Acting Chief Judge.
The appellant challenges judgments and sentences for unlawful sexual activity with a minor and two counts of battery, and an order revoking his probation on prior separate offenses. We affirm the judgments and the revocation of probation, but remand for correction of the sentences.
The appellant alleges multiple errors regarding sentencing. He first claims the trial court erred in failing to use separate guidelines scoresheets in sentencing him upon revocation in his two separate probation cases, circuit court case numbers 93-0674 and 95-1877. In ease number 93-0674, the appellant was originally sentenced under the version of the guidelines in effect in 1993. In case number 95-1877, the appellant was originally sentenced under the version of the guidelines in effect in 1994. Because the original offenses were committed under more than one version of the guidelines, separate scoresheets were required. Fla. R.Crim. P. 3.703(d)(3).
The record on appeal contains the guidelines scoresheets used when the appellant was originally sentenced in the probation cases. It is clear that the scoresheet from the 1993 case was filed in open court during the instant sentencing hearing. It contains a notation regarding the cell-bump for the violation of probation. It is not clear whether the scoresheet from the 1995 case was considered at the most recent sentencing hearing.
The appellant previously violated his probation in both cases in 1996. At the instant sentencing hearing, using the 1993 scoresheet, the trial court properly applied a two-cell bump, one for the 1996 violation and one for the violation based on the new *988 offenses in this case. The court accordingly sentenced the appellant within the permitted guidelines range to seventeen years’ prison in the 1993 case. It also imposed a concurrent seventeen-year sentence in the 1995 case. It does not. appear, however, that a seventeen-year sentence would have been permitted under the applicable guidelines in the 1995 case. Thus, we remand for reconsideration of the sentence in case number 95-1877, using the appropriate scoreshéet.
The appellant al§o argues that the trial court erred in imposing the habitual felony offender sentence for unlawful sexual activity with' a minor to run consecutive to the sentences imposed for the violations of probation. According to this court’s decision in Ricardo v. State, 608 So.2d 93, 95 (Fla. 2d DCA 1992), the trial court should have structured the sentences so that the appellant would serve his habitual offender sentence, the most severe sentence, first.
• We therefore affirm the judgments and the revocation of probation, but remand with directions to- amend the sentences so that the habitual offender sentence is served first and to reconsider the sentence in case number 95-1877 under an appropriate guidelines- scoresheet. We affirm the sentences in all other respects.
WHATLEY and DAVIS, JJ., Concur.