SILBERMAN, Judge.
Belinda McLeod challenges the sentence that she received as a result of her violation of probation. She argues that the trial court imposed a sentence that was an upward departure from the sentencing guidelines, without providing reasons for the departure. We agree and remand for resentencing.
In 1998, following pleas of nolo conten-dere in circuit court case numbers 98-8410 and 98-11931, the trial court sentenced McLeod to concurrent terms of two years’ community control. Thereafter, upon her motion to terminate community control in case number 98-11931, community control was rolled over to probation.
McLeod was charged with new offenses in case number 99-7175. She pleaded guilty to those charges. As a result, her community control in case number 98-8410 and her probation in case number 98-11931 were revoked. In case number 99-7175, McLeod was sentenced to ten years’ imprisonment, suspended after five years, to be followed by five years’ probation. In case numbers 98-8410 and 98-11931, she was sentenced to five years’ imprisonment, all prison terms to run concurrently.
McLeod argues, and the State concedes, that the sentences imposed upon the revo *473 cation of her probation and community control were departures under the sentencing guidelines. The State acknowledges that the trial court was not made aware that the sentences were departure sentences.
As the sentences imposed in case numbers 98-8410 and 98-11931 were upward departures from the sentencing guidelines and the trial court did not give reasons for the departures, we remand for resentencing in these cases. See Allison v. State, 728 So.2d 882 (Fla. 2d DCA 1998). On remand, if a sentence departing from the sentencing guidelines is again imposed, the trial court shall give written reasons to support the departure. See Perez v. State, 703 So.2d 1131 (Fla. 2d DCA 1997).
We find no merit in McLeod’s additional argument that the trial court was without jurisdiction to change her community control to probation in case number 98-11931.
Reversed and remanded for resentenc-ing in accordance with this opinion.
THREADGILL, A.C.J., and WHATLEY, J., concur.