PER CURIAM.
Previously, in Sheffield v. State, 177 So.3d 699 (Fla. 1st DCA 2015), this court reversed appellant’s prison releasee reof-fender sentence for possession of cocaine (count III) and remanded for resentencing because possession of cocaine was not a qualifying offense under the prison releas-ee reoffender statute. In this subsequent appeal, appellant correctly claims that the trial court erred in resentencing him based on an erroneously calculated guidelines scoresheet. Accordingly, we reverse and remand for resentencing.
The 1995 guidelines scoresheet improperly included aggravated assault on a law enforcement officer (count I) as the “primary offense” and resisting an officer with violence (count II) as an “additional offense” because appellant was sentenced for those charges under the prison releas-ee reoffender statute, which is not governed by the sentencing guidelines. See § 775.082(8)(a)2., Fla. Stat. (1997) (providing that “[u]pon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guide *764 lines.... ”). In similar cases, Florida appellate courts repeatedly have held that when the trial court imposes a habitual offender sentence for an offense, the trial court removes that offense from sentencing under the guidelines and cannot include that offense either as a primary or additional offense on the guidelines score-sheet. See Olsen v. State, 791 So.2d 558, 560 (Fla. 2d DCA 2001); Drayton v. State, 744 So.2d 584, 585-86 (Fla. 2d DCA 1999); Alexander v. State, 680 So.2d 635 (Fla. 4th DCA 1996); Byrd v. State, 643 So.2d 1209 (Fla. 1st DCA 1994); Eaddy v. State, 626 So.2d 291 (Fla. 4th DCA 1993); Ricardo v. State, 608 So.2d 93, 94-95 (Fla. 2d DCA 1992); Silliker v. State, 598 So.2d 133, 134 (Fla. 5th DCA 1992); Wyche v. State, 576 So.2d 884, 886 (Fla. 1st DCA 1991).
Accordingly, counts I and II should not have been included on the scoresheet, leaving count III as the primary offense. Since possession of cocaine is not a violation of the Law Enforcement Protection Act, the scoresheet should not have included a multiplier for law enforcement protection. See Fla. R. Crim. P. 3.703(d)(22) (requiring imposition of a multiplier if the primary offense is a violation of the Law Enforcement Protection Act under section 775.0823, Florida Statutes). Accordingly, we reverse and remand for resentencing on count III using a corrected scoresheet. See Ricardo, 608 So.2d at 95. This disposition moots appellant’s claim that the written sentence did not conform to the trial court’s oral pronouncement regarding the award of credit for time served.
REVERSED and REMANDED for re-sentencing.
OSTERHAUS, JAY, and WINSOR, JJ., CONCUR.