# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-1695
_____

DOMINIC T. BRANTLEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Melissa G. Olin, Judge.

April 9, 2025

TANENBAUM, J.

When a court revokes a criminal defendant's probation, there must be a new sentencing. If that revocation is predicated on a new law violation for which the defendant has been convicted, sentencing many times takes place at one hearing on both the revocation and the new conviction. Most hearings will have one sentencing scoresheet prepared to cover the old and new convictions and the defendant's accrued criminal history, the sentences imposed in the two cases (*i.e.*, the one in which probation was revoked and the one with the new prosecution) being governed by a single lowest permissible sentence and the statutory maximums established for each underlying offense of conviction. This is what occurred in Dominic Brantley's two cases. After a jury convicted him of arson, the court revoked the

probation it had imposed on two prior convictions and sentenced him using a scoresheet that included all three crimes as offenses of conviction—the most serious one, arson, being the primary offense. Brantley, in this appeal,[*] challenges both the revocation and sentence. As to the sentence, Brantley contends that, because the trial court sentenced him to life imprisonment as a habitual felony offender ("HFO") in the arson case—taking that offense out from under Florida's Criminal Punishment Code ("CPC")—the court erred when it nevertheless included the arson conviction on the scoresheet it applied in the revocation sentencing. The State concedes the substance of this point. We affirm the revocation of probation without further comment, but we agree with Brantley regarding his sentence, which, under the circumstances of his case, ends up being illegal. We vacate it so the trial court can resentence him based on a correctly completed scoresheet.

* * *

In 2021, Brantley was convicted of two third-degree felonies: felony battery and robbery by sudden snatching. *See* §§ 784.03(2), 812.131(1)(a), Fla. Stat. He received five years of concurrent probation for the offenses. In 2023, a jury convicted Brantley of arson—a first-degree felony under section 806.01, Florida Statutes—a crime he committed while on probation. Upon adjudication of Brantley's guilt for the arson offense, the trial court relied on the evidence presented at the arson trial and additional evidence presented by the State to revoke Brantley's probation.

The court then proceeded to sentencing in both cases, covering all three felonies. The State presented evidence demonstrating that Brantley qualified as an HFO under section 775.084, Florida Statutes, and the court concluded Brantley did. Right after that, the State announced the following:

> [T]he State is prepared to tender a Criminal Punishment Code Scoresheet as to each and both of

---

[*] He separately appeals his arson conviction and sentence in Case No. 1D2023-1694.

these two cases. The primary docket number, of course, will be the 21-937-CF [arson prosecution], due to the offense level being a level 8. Also as included as additional offenses are the two counts for which he is on supervision in 21-325-CF for felony battery and robbery by sudden snatching. The State, having sought an enhancement that has been proven at this juncture for habitual felony offender as to the 21-937 case, that is an offense punishable by life.

. . .

Total sentence points by my calculation are 114.6. Lowest permissible prison sentence is 64.95 months, with a maximum sentence of life imprisonment as to the arson offense, and five years each as to the two offenses for which he is being supervised. The scoresheet has been provided to defense counsel.

Brantley's lawyer responded: "I have received a copy of that and have previously provided that to my client. I, I don't need to see it now. . . . That is the numbers [sic] I have."

The scoresheet accepted by the court was as the State described. Under section 775.082(3)(e), Florida Statutes, the statutory maximum sentence for each of the third-degree felonies before the court for resentencing in Brantley's VOP case was five years. The scoresheet, though, indicated 64.950 months as the lowest permissible sentence ("LPS") for each of the three convictions. *See* § 921.0024(2), Fla. Stat. (providing that the LPS "is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure"); *State v. Gabriel*, 314 So. 3d 1243, 1246 (Fla. 2021) (concluding "that under section 921.0024(2), the LPS is an individual minimum sentence where there are multiple convictions subject to sentencing on a single scoresheet"). That means the LPS, if correctly calculated, exceeded the statutory maximum for the third-degree felonies before the court in the VOP (*i.e.*, five years, or sixty months, a piece), and it became the required sentence for each. *See* § 921.0024(2), Fla. Stat. ("If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be

3

imposed."); *Gabriel*, 314 So. 3d at 1247 ("[S]ection 921.0024(2) specifies that the LPS is the minimum sentence that a trial court may impose, absent a basis for departure, and it must be imposed where it exceeds the statutory maximum sentence."); *id.* at 1248–49 (reading section 921.0024(2), Florida Statutes, to mean "if the LPS exceeds the statutory maximum penalty in section 775.082, the LPS is both the minimum sentence and the maximum penalty for that offense"). Following the scoresheet, the trial court sentenced Brantley as an HFO to life in prison for the new arson conviction and to 64.95 months in prison on the VOP for each of the two prior convictions, the sentences to run concurrently.

During the pendency of this appeal—which relates to the probation revocation and the 64.95-month sentences—Brantley filed a motion under Florida Rule of Criminal Procedure 3.800(b)(2), claiming there was error in the scoresheet's listing arson as the primary offense, even though it was used to classify and sentence Brantley as an HFO. The trial court did not rule on Brantley's motion, so it was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B). Brantley preserved the issue for appellate review. *Cf. State v. Dortch*, 317 So. 3d 1074, 1081–82 (Fla. 2021) ("There is such a thing as a truly mandatory preservation requirement," and "for sentencing errors, to raise even fundamental errors on appeal, defendants must first file a motion under rule 3.800(b)."). The State does not disagree.

Instead, the State contends, in essence, Brantley forfeited the ability to raise the issue here when his lawyer accepted the scoresheet's calculation. For us to find such a forfeiture, the lawyer's comments would have had to amount to invited error. *Cf. Pope v. State*, 441 So. 2d 1073, 1076 (Fla. 1983) ("A party may not invite error and then be heard to complain of that error on appeal."). Acquiescence in an error—being equivalent to a failure to object—is a function of preservation, not forfeiture. *Cf. Allen v. State*, 322 So. 3d 589, 598 & n.4 (Fla. 2021) (distinguishing between "acquiescence"—a failure to preserve—and actively requesting erroneous action by the trial court—"unreviewable, invited error"). Forfeiture requires more—the active injection of error into the proceeding and then pointing to that error later as a basis for reversal. *See Terry v. State*, 668 So. 2d 954, 962 n.10

(Fla. 1996) (explaining how, under the invited error doctrine, "an appellant may not complain of action taken by the trial court on his own motion, such as a motion for transfer of the case from equity to law in the trial court, or of evidence that he himself has introduced"); *cf. Armstrong v. State*, 579 So. 2d 734, 735 (Fla. 1991). That did not happen in this case, and we reject the State's forfeiture argument.

That leaves the question whether the trial court used an incorrect scoresheet. The State properly concedes the point. A sentence imposed under the HFO statute is not subject to the CPC. *See* § 775.084(4)(h), Fla. Stat. The trial court imposed an HFO sentence for the arson conviction, so that offense should not have been included on the scoresheet. *See State v. Collins*, 985 So. 2d 985, 991 (Fla. 2008) ("Habitual offender sentencing is now separate from both the sentencing guidelines and sentencing under the Criminal Punishment Code."); *Sheffield v. State*, 214 So. 3d 763, 764 (Fla. 1st DCA 2017) (noting that Florida courts have held that "when the trial court imposes a habitual felony offender sentence for an offense, the trial court removes that offense from sentencing under the guidelines and cannot include that offense either as a primary or additional offense on the guidelines scoresheet"); *cf.* § 921.0024(3), Fla. Stat. (requiring a "single digitized scoresheet" for use in "determin[ing] the permissible range for the sentence that the court may impose [under the CPC]," but requiring separate scoresheets to be used for sentencing under each "version or revision of the guidelines or the code"). The Florida Rules of Criminal Procedure also require that a habitualized offense be left off the scoresheet. *See* Fla. R. Crim. P. 3.704(d)(1) ("If sentences are imposed under section 775.084, . . . *and* the Criminal Punishment Code, *a scoresheet listing only those offenses sentenced under the Criminal Punishment Code must be filed* in addition to any sentencing documents filed under section 775.084[.]" (emphases supplied)).

A scoresheet prepared omitting the arson offense—with its severity level 8—would easily produce an LPS below the five-year statutory maximums for the remaining offenses being sentenced under the CPC on Brantley's VOP. The erroneous scoresheet, then, lends no support for the 64.95-month sentences before us for review, leaving no statutory authorization for those sentences,

rendering them illegally above the applicable statutory maximums. While we affirm the probation-revocation order, we vacate the sentencing order based on that revocation and remand for resentencing based on a correctly completed sentencing scoresheet.

AFFIRMED in part and VACATED in part.

LEWIS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Richard M. Bracey, III, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Amanda A. Uwaibi, Assistant Attorney General, Tallahassee, for Appellee.