622 So.2d 1129 (1993)
Sheldon Leonard RICE, Jr., Appellant,
v.
STATE of Florida, Appellee.
Nos. 92-2121, 92-2132.
District Court of Appeal of Florida, Fifth District.
August 13, 1993.
*1130 James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
In this appeal from the sentences imposed, Sheldon Leonard Rice, Jr. argues the trial court erred in departing from the presumptive guidelines sentence when sentencing him on his original offense and in imposing a habitual violent felony offender sentence on the new offense without making all of the findings of fact required by section 775.084(1)(b), Florida Statutes (1991). Because we find the trial court's failure to make the requisite findings under the habitual violent felony offender statute was harmless error, Rice's second argument is unavailing. See State v. Rucker, 613 So.2d 460 (Fla. 1993) (holding that when the state introduces unrebutted evidence of the defendant's prior convictions, the court's failure to find the convictions had not been pardoned or set aside is subject to the harmless error analysis). We agree, however, with Rice's first argument concerning the unsupported departure from the presumptive guidelines sentence and remand for resentencing on the original offense.
In July 1986, Rice pleaded no contest to one count of armed robbery and to one count of strong armed robbery. On the first count, Rice was sentenced to the Department of Corrections for 4 years, with a 3 year minimum mandatory provision. On the second count, Rice received 15 years of probation to run consecutive to the prison time.
In 1992, while on probation, Rice robbed a grocery store and was found guilty of robbery as charged. The trial judge then held a sentencing hearing for Rice's new robbery conviction. At this hearing, the judge found that Rice was a habitual violent felony offender and sentenced him to 15 years in prison with a 10 year minimum mandatory provision based on the habitual violent felony offender statute, section 775.084(4)(b)2, Florida Statutes (1991).
At the conclusion of the sentencing hearing for the 1992 robbery, Rice's defense counsel requested the court to also dispose of the outstanding violation of probation charge. The judge, utilizing the scoresheet prepared for the 1992 robbery conviction, adjudicated Rice guilty of the offense for which he was on probation, strong armed robbery, and sentenced him to 15 years in the Department of Corrections with credit for time served awaiting sentencing. The sentence was to run concurrent to the sentence imposed on the 1992 robbery.
As an initial matter, the original 1986 scoresheet should have been used in sentencing Rice for the violation of probation. Although State v. Stafford, 593 So.2d 496 (Fla. 1992) held that when probation violations are being sentenced in conjunction with new substantive offenses, multiple scoresheets are to be prepared to *1131 determine the most severe sanction,[1] the instant case involves sentencing under the habitual violent felony offender statute on the new substantive offense. Because Rice was adjudicated a habitual violent felony offender on the subsequent robbery offense, that offense was removed from guidelines consideration and a scoresheet was not, therefore, necessary. See § 775.084(4)(e), Fla. Stat. (1991); Daniels v. State, 591 So.2d 1103 (Fla. 5th DCA 1992) (holding that the trial court should use the original scoresheet to sentence a defendant for violating probation where the defendant is sentenced as a habitual offender on the new substantive offenses, and thus, the trial court does not need to prepare a new scoresheet).
The original recommended guidelines range was 3 1/2 to 4 1/2 years in the Department of Corrections. The one cell bump-up for violation of probation placed Rice in the 4 1/2 to 5 1/2 year range. See Fla.R.Crim.P. 3.701(d)(14) (providing that the sentence imposed after revocation of probation may be increased to the next higher cell without requiring a reason for departure). The 15 year prison sentence imposed for the strong armed robbery was thus a guidelines departure, although it is doubtful whether the trial judge recognized he was imposing a departure sentence. It appears the trial judge may have believed he was imposing a sentence within the guidelines permitted range (7 to 17 years of incarceration) on the scoresheet prepared for the new offense. Upon remand, the court may consider whether departure is appropriate. State v. Betancourt, 552 So.2d 1107 (Fla. 1989); Holloman v. State, 600 So.2d 522 (Fla. 5th DCA 1992). We also note that a sentence within the permitted range of 3 1/2 to 7 years on the original scoresheet would be impermissible in this case because Rice committed the offense before the guidelines amendment authorized a "permitted range." See Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990).
Finally, although Rice was given credit of 305 days for the time he was incarcerated before imposition of the sentence following revocation of probation, Rice did not receive credit for the time he served in prison on the armed robbery conviction for which he was incarcerated in 1986. The Florida Supreme Court has recently addressed this question and held that "[i]f a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Tripp v. State, 622 So.2d 941, 942 (Fla. 1993) (footnote omitted). Accordingly, Rice is entitled to credit on the strong armed robbery sentence for the jail time he actually served for the armed robbery conviction. Because his crimes were committed before the October 1, 1989 effective date of chapter 89-531, Laws of Florida, Rice is also entitled to credit for gain time granted pursuant to section 944.275, Florida Statutes (1985), but is not entitled to provisional credits or administrative gain time.[2]See Tripp, 622 So.2d at 942 n. 2. We recognize that the actual calculation of credit for time served must, by necessity, be performed by the Department of Corrections because the trial court lacks the necessary records.
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] The scoresheet with the most severe sanction is the scoresheet to be used for sentencing.
[2] Since the adoption of chapter 89-531, revocation of probation also carries with it the forfeiture of any gain time previously earned. See §§ 944.28(1) and 948.06(6), Fla. Stat. (1991).