GRIFFIN, Judge.
Robert Kent Tuck pled guilty to grand theft of a motor vehicle, a third degree felony, on January 13, 1992. In February of 1992, he was sentenced as follows:
to the Department of Corrections for a term of Five (6) years, four (4) years suspended, one (1) year to be served in the Orange County Jail, with credit for 161 days jail time, that after you have served all of said term, you shall be placed on probation for a period of Three (3) years under the supervision of the Department of Corrections....
After completing his term in the county jail, Tuck violated his probation by leaving a drug treatment program. The state then filed a notice of intention to seek habitual offender sentencing. Tuck pled guilty to the violation and was sentenced, over objection, as a habitual offender to five years in prison, with credit for one year and one hundred and seven days time served.
We agree with Tuck that the lower court erred in sentencing him as a habitual offender. In Snead v. State, 616 So.2d 964 (Fla.1993) our supreme court held that a defendant cannot be sentenced as a habitual offender following a violation of probation unless the necessary steps to habitualize him had been taken prior to the original sentencing hearing. The state concedes that, under Snead, sentencing Tuck as a habitual offender was error.
The harder question is what sentence is available to the court on remand. Tuck was originally given a sentence which does not fall within any of the sentencing alternatives recognized in Poore v. State, 531 So.2d 161 (Fla.1988).[1] In this particular case, given the nature of the original defect in the sentence, we conclude that upon violation of probation, Tuck became subject to any sentence the court might have originally imposed with the addition of a one-cell bump-up. § 948.06, Fla.Stat. (1991); Fla. R.Crim.P. 3.701(d)14. Cf. Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992).
SENTENCE VACATED and REMANDED FOR RESENTENCING.
W. SHARP and THOMPSON, JJ., concur.

. See, e.g., Pinardi v. State, 617 So.2d 371 (Fla. 5th DCA 1993). The sentence is also illegal because it appends three years of probation to the original five year term. Such a sentence would exceed the five year statutory maximum for a third degree felony. State v. Holmes, 360 So.2d 380 (Fla.1978).