633 So.2d 1143 (1994)
Paul Dominic SILVESTRINI, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00594.
District Court of Appeal of Florida, Second District.
March 18, 1994.
*1144 Ronald N. Toward, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Paul Dominic Silvestrini appeals the sentences imposed for three new convictions and for violations of probation in three previous cases. He contends the trial court erred by using a new scoresheet instead of the original scoresheet, by imposing an invalid departure sentence, and by structuring the sentence so that the habitual offender portion would be served last. We agree with these contentions and reverse.
In 1989, Silvestrini was sentenced for nine convictions in three cases. He received two concurrent terms of two-and-a-half years in prison, followed by four concurrent terms of five years' probation, one concurrent term of six months' probation, and time served for the remaining two convictions. After his release and while on probation, Silvestrini committed and was convicted of three new offenses. The trial court sentenced Silvestrini for these new offenses at the same time it sentenced him for violating his probation.
At sentencing, the trial court declared Silvestrini a habitual offender for the new convictions. Using a newly prepared sentencing guidelines scoresheet, the court sentenced Silvestrini to ten years in prison for one violation of probation, two concurrent terms of five years in prison for the remaining violations of probation, two concurrent terms of five years in prison as a habitual offender for the new convictions, plus time served for the other new conviction. All of the five-year terms were concurrent to each other but consecutive to the ten-year term. The court gave varying amounts of credit for time served.
First, the trial court erred by using a new scoresheet. Because Silvestrini was sentenced as a habitual offender for the new convictions, these offenses were removed from the sentencing guidelines. On remand, the court should use the original scoresheet with a one-cell bump up for the violation of probation. Rice v. State, 622 So.2d 1129 (Fla. 5th DCA 1993).
Second, the trial court imposed a total sentence of fifteen years. Even with a one-cell bump, the original scoresheet produces a recommended sentence of three-and-a-half to four-and-a-half years and a permitted sentence of two-and-a-half to five-and-a-half *1145 years. Thus, a fifteen-year sentence constitutes a departure from the guidelines. On the bottom of the new scoresheet, "habitual felony offender" was listed as the only reason for departure. Because habitual offender classification is not a valid reason for departure, the court must sentence Silvestrini pursuant to the guidelines on remand. Cox v. State, 507 So.2d 740 (Fla. 2d DCA 1987).
Furthermore, the court may not reconsider the habitual offender sentences it imposed for the new convictions. Under section 775.084(4)(d), Florida Statutes (1991), a habitual offender sentence "shall not be increased after such imposition." See Hicks v. State, 595 So.2d 976 (Fla. 1st DCA 1992).
Third, the sentence was structured so that the habitual offender portion ran consecutive to the guidelines portion. This was error. Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992). On remand, the trial court must structure the sentence so that Silvestrini serves the habitual offender portion first.
In addition, Silvestrini argues that he was improperly credited for time served. From the record before us, we are unable to determine what credit was due. On remand, the trial court is instructed to review the credit originally allowed. Silvestrini is also entitled to credit for the time he served on the earlier cases. Tripp v. State, 622 So.2d 941 (Fla. 1993). As Silvestrini has conceded, the trial court may deny credit for gain time. Bradley v. State, 616 So.2d 1156 (Fla. 2d DCA 1993), decision approved, 631 So.2d 1096 (Fla. 1994).
In conclusion, we reverse and remand for resentencing. The trial court should leave intact the habitual offender sentences; but it must structure the total sentence so that the habitual offender portion is served first. It should use the original guidelines scoresheet with a one-cell bump for sentencing on the violations of probation. Last, the court should grant all appropriate credit for time served.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.