PER CURIAM.
Moses Bellinger challenges sentences imposed when his probation was revoked because he had committed new offenses. Bel-linger’s argument regarding the constitutionality of the habitual offender statute has been rejected numerous times. Seabrook v. State, 629 So.2d 129 (Fla.1993); London v. State, 623 So.2d 527 (Fla. 1st DCA), review denied, 630 So.2d 1100 (Fla.1993). However, because Bellinger was sentenced as an habitual offender on the new offenses, the trial judge erred by using a scoresheet which included the new offenses when sentencing him for the original offense upon revocation of probation. State v. Tito, 616 So.2d 39 (Fla.1993); Silvestrini v. State, 633 So.2d 1143 (Fla. 2d DCA 1994); Rice v. State, 622 So.2d 1129 (Fla. 5th DCA 1993).
The habitual offender sentences imposed on the new offenses are AFFIRMED. The sentence imposed upon revocation of probation is REVERSED and the cause is REMANDED for resentencing on the original offense, using the original scoresheet.
ERVIN, BARFIELD and WEBSTER, JJ., concur.