PER CURIAM.
Lonnie Vela appeals the denial of his 3.850 motion. It appeal’s there may be merit to Vela’s contention that the trial court erred in imposing a habitual offender sentence for his original offenses.
On November 6, 1991, Vela was placed on probation for the offenses of aggravated assault and possession of a firearm by a convicted felon in Case No. 91-4710. In early 1992, Vela was charged with violating probation by committing two new crimes: carrying a concealed firearm, a third-degree felony, and possession of a firearm by a convicted felon, a second-degree felony. The new crimes were charged against Vela under Case No. 92-311.
On March 17, 1992, the State filed a notice of intent to habitualize Vela on the new charges. That same day, Vela signed a plea agreement, pleading no contest to the probation violation of the old charges. On June 23, 1992, the trial court adjudicated Vela as a habitual offender, revoked his probation, and sentenced him on both the old and new charges. His sentences on all charges in 91-4710 and 92-311 were concurrent habitual offender 15-year terms.
According to Vela, his permitted guidelines sentence on the original charges was any nonstate prison sanction, community control, or 1 — 3½ years’ incarceration. Thus, even with the one cell bump-up, his sentence could not possibly increase to 15 years. See Fla.R.Crim.P. 3.701(d)(14). Because we do not have Vela’s scoresheet on the original charges in 91-4710, we cannot ascertain what Vela’s sentences could properly be after a one cell bump-up. If what Vela alleges is accurate, he would be correct that the sentences imposed on the original charges following his violation of probation cannot be increased to 15 years.
Although Vela cannot be habitualized on the original charges in 91-4710, see Snead v. State, 616 So.2d 964 (Fla.1993); Tuck v. State, 632 So.2d 663 (Fla. 5th DCA 1994), Vela can be habitualized on the new charges in 92-311. See Silvestrini v. State, 633 So.2d 1143 (Fla. 2d DCA 1994); Rice v. State, 622 So.2d 1129 (Fla. 5th DCA 1993).[1] Therefore, *32 Vela’s habitualized sentences in 92-311 were proper.
We affirm the sentences imposed in 92-311, but reverse and remand 91 — 4710 for the trial court to either attach the parts of the record in 91-4710 rebutting Vela’s claim or reduce the sentences in 91-4710 using the original scoresheet, allowing only the one cell bump-up for the probation violation. We note that even if the trial court reduces Vela’s sentences in 91-4710, there will be no effect on the length of time Vela is' incarcerated because the trial court properly habitu-alized Vela on the new offenses.
AFFIRMED in part, REVERSED in part, REMANDED.
HARRIS, C.J., and GOSHORN and DIAMANTIS, JJ., concur.

. In Rice, we recognized the general rule that when a defendant violates his probation by committing new substantive offenses, a new score-sheet should be prepared to determine which scoresheet provides the more severe sanction. Rice, 622 So.2d at 1130-31 (citing State v. Stafford, 593 So.2d 496 (Fla. 1992)). However, we said that rule does not apply when a defendant is habitualized on new charges. In such circumstances the original scoresheet should be used for the probation violation because habitual offender status on the new charges takes those charges out of the guidelines. Id. at 1131. See also Daniels v. State, 591 So.2d 1103 (Fla. 5th DCA 1992).