LAZZARA, Judge.
Lugman Darby appeals his judgment and sentence, following a jury trial, for attempted second-degree murder with a firearm, as well as his sentences for violating probation in three other cases. His appellate counsel filed an Anders brief.[1] Mr. Darby responded with a supplemental brief.
Consistent with our obligation under State v. Causey, 503 So.2d 321 (Fla.1987), we have examined the record and find no error in the proceedings resulting in Mr. Darby’s conviction and sentence for the new offense. Accordingly, we affirm that judgment and sentence. We must reverse, however, Mr. Darby’s sentences in the three other cases and remand for resentencing because the trial court erred by not using the original sentencing guidelines scoresheet in sentencing him for violation of probation.
At sentencing, the trial court utilized a newly prepared scoresheet in which the attempted murder conviction was used as the primary offense and the probationary cases were treated as prior offenses. It then sentenced Mr. Darby as a habitual violent felony offender for attempted murder and, pursuant to the new scoresheet, imposed various terms of imprisonment for violation of probation in the other cases. The use of the new score-sheet as the basis for the violation of probation sentences was error.
We have held that “[b]y habitualizing an offense and giving a defendant a habitualized sentence on that offense, the court removes that offense from sentencing under the guidelines.” Ricardo v. State, 608 So.2d 93, 94 (Fla. 2d DCA 1992). Thus, because Mr. Darby was sentenced as a habitual violent felony offender for the subsequent attempted murder offense, “that offense was removed from guidelines consideration and a score-sheet was not ... necessary.” Rice v. State, 622 So.2d 1129, 1131 (Fla. 5th DCA 1993). Accordingly, on remand, the trial court must use the original scoresheet in the probation cases in resentencing Mr. Darby for violation of probation. Silvestrini v. State, 633 So.2d 1143 (Fla. 2d DCA 1994).
Affirmed in part, reversed in part, and remanded for resentencing.
DANAHY, A.C.J., and ALTENBERND, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).