BLUE, Judge.
Barry Edward Miller argues the trial court made numerous errors when it sentenced him to a total of 160 years in prison for violation of probation, seven second-degree felonies and one third-degree felony. We agree and reverse.
This appeal involves three separate cases: two jury trials and one violation of probation. In ease no. 91-03887 (case 87), a jury found Miller guilty of four counts of lewd and lascivious act, second-degree felonies. Case no. 91-03888 (ease 88), resulted in guilty verdicts on three more counts of lewd and lascivious act and one count of attempting to procure a person under age 16 for prostitution, a third-degree felony. The violation of probation is not a subject of this appeal, but contributed to one of the sentencing errors discussed below.
At the sentencing hearing on all of the above cases, the trial judge declared Miller a habitual offender in case 87. The trial court then sentenced Miller as follows:
On 86-12957 [the probation case], I sentence him to fifteen years in the Florida State Prison.
On 91-3888 [case 88], Count I, fifteen consecutive.
Count II, ten consecutive.
Count III, fifteen concurrent.
Count IV, five concurrent.
Count I of 91-3887 [case 87], thirty years consecutive [habitual offender].
Count II, thirty years consecutive [habitual offender].
Count III, thirty years consecutive [habitual offender].
Count IV, thirty years consecutive [habitual offender].
Two of Miller’s issues are without merit. First, he challenges the sufficiency of the evidence in case 88. We affirm because the record supports the jury’s guilty verdict.
Second, we reject Miller’s argument that the habitual felony offender sentence in case 87 was improperly imposed. On August 8, 1991, Miller was found guilty of the charges in case 87. On September 12, 1991, Miller was found guilty of the charges in case *954 88. Sentencing in both cases occurred immediately following the September 12 verdict. Although Miller’s most recent convictions in case 88 were used as the “prior” felonies to support habitual offender sentences in the earlier case 87, we affirm based on Perkowski v. State, 616 So.2d 26 (Fla.1993). In Perkowski, the Florida Supreme Court ruled that the habitual offender classification may be based on predicate offenses committed after the offense for which the defendant is being sentenced. Because Miller was convicted in case 88 prior to sentencing, it was not error to rely on the convictions as predicate offenses for the habitual offender sentences imposed in case 87.
We agree, however, with Miller’s contention the court committed numerous errors that require a reversal of the guidelines sentences imposed in case 88 and a remand for resentencing. The scoresheet errors are:
1. The violation of probation was not included on the scoresheet as required when a violation of probation and substantive offenses are sentenced at one hearing. Grady v. State, 618 So.2d 341 (Fla. 2d DCA 1993).
2. The primary offenses (case 88) were erroneously scored as additional offenses at conviction.
3. The case 87 convictions, which received habitual offender sentences, were incorrectly reflected on the scoresheet as the primary offenses at conviction. King v. State, 597 So.2d 309, 315 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla.1992); Ricardo v. State, 608 So.2d 93, 94 (Fla. 2d DCA 1992).
4. Victim injury was scored in violation of Karchesky v. State, 591 So.2d 930 (Fla.1992).
In addition to the scoresheet errors requiring a reversal of the sentences imposed in case 88, the court erred by requiring that Miller serve the guidelines sentences prior to the habitualized sentences. This court previously disapproved such a structure in Ricardo.
Accordingly, we affirm all convictions and the habitual offender sentences. We reverse the guidelines sentences, remand for resen-tencing with a corrected scoresheet and with directions for the guidelines sentences to be concurrent with or consecutive to the habitual offender sentences.
HALL, A.C.J., and PATTERSON, J., concur.