BLUE, Judge.
Barry Edward Miller, pro se, appeals the trial court’s order denying his motion to correct an illegal sentence. Because the sentence exceeds the statutory maximum, *1000 and thus constitutes an illegal sentence, we reverse.
In circuit court case 91-3887, Miller was convicted of four second-degree felonies for committing lewd and lascivious acts; in circuit court case 91-3888, he was convicted of three second-degree felonies for committing lewd and lascivious acts and one third-degree felony for attempting to procure a person under sixteen for prostitution. See Miller v. State, 625 So.2d 952, 953 (Fla. 2d DCA 1993) (reversing total sentence of 160 years in prison based on scoresheet and other errors). Since that direct appeal, Miller has several times sought relief.
In a 1997 order that denied postconviction relief, Miller’s amended sentence in case 91-3887 was “corrected” to conform to the oral pronouncement. Unfortunately, as found by the trial court in the order under review, the transcript relied upon by the court in 1997 was inaccurate due to certain errors by the court reporter. Although accepting the corrected transcript, the trial court denied relief.
We reverse because the twenty-five year sentences for second-degree felonies exceeded the statutory maximum. See § 775.082(3)(c), Fla. Stat. (1989). Prior to 1994, a guidelines sentence could not exceed the statutory maximum. See Mays v. State, 717 So.2d 515; 516 (Fla.1998). “[A] defendant cannot by agreement confer on a judge authority to exceed the penalties established by law. Such an illegal sentence must fail.” Kaminsky v. State, 732 So.2d 443, 444 (Fla. 4th DCA 1999) (quoting Larson v. State, 572 So.2d 1368, 1371 (Fla.1991)) (citation omitted in original). On remand, the sentences in case 91-3887 should be as follows: fifteen years in prison on counts I, III, and IV, concurrent to each other and to the sentences in case 91-3888; twelve years in prison consecutive on count II. This was the oral pronouncement of the amended sentence. Miller need not be present for resentencing.
Reversed and remanded for correction of sentence.
PATTERSON, C.J., and THREADGILL, J., Concur.