PER CURIAM.
Appellant, Lewis P. Williams, appeals the summary denial of his motion for post-conviction relief and the order denying his motion for rehearing. We affirm without discussion the summary denial of Appellant’s first, third, and fourth grounds, all allegations of ineffective assistance of counsel, but we reverse the summary denial of Appellant’s second ground.
In that ground, although he had stipulated that he had the qualifying convictions, Appellant nonetheless claimed that the trial court erred in sentencing him as a violent career criminal because the trial court impermissibly counted four counts of burglary twice. Specifically, Appellant alleged that the trial court counted as two separate predicate convictions (1) four counts of burglary, in four separate lower tribunal cases, to which appellant pled no contest in 1986, receiving concurrent sentences of eighteen months in prison and three years probation and (2) a violation of probation on the same four counts of burglary, for which Appellant was sentenced on January 11, 1988, to three years in prison. In other words, the four counts of burglary, sentenced together, were counted twice. He noted that the statute requires three or more qualifying prior convictions, see section 775.084(l)(c)l, Florida Statutes (Supp.1996), but in order to count as a prior felony for section 775.084 purposes, “the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.” § 775.084(5). Without counting the 1986 conviction and the 1988 violation of probation as two separate felonies, he contended, he would not have had the requisite three priors.
We disagree with the State’s argument that this type of claim cannot be raised in a postconviction motion filed pursuant to rule 3.850. See, e.g., Kaminsky v. State, 732 So.2d 443, 443-44 (Fla. 4th DCA 1999)(holding that a defendant’s stipulation that he qualifies for treatment as a habitual offender does not prevent him from arguing by means of a rule 3.850 motion that, in fact, his record does not so qualify him).
The trial court attached to its order of denial the State’s response, to which the State, in turn, had attached a transcript of the sentencing hearing and a copy of the order finding Appellant to be a violent career criminal. Neither of these, however, conclusively refutes Appellant’s claim that one of the predicate convictions was counted twice and that, without it, there would not be the necessary three qualifying prior convictions. Accordingly, the order of denial is reversed as to this ground only, either for further attachments that conclusively refute Appellant’s claim or for an evidentiary hearing.[1]
*630 AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
WARNER, C.J., POLEN and STEVENSON, JJ., concur.

. It appears from the face of this record that appellant should not have been sentenced as a violent career criminal for an offense committed on February 1, 1997. See State v. Thompson, 750 So.2d 643, 646-49 (Fla.1999)(hold-ing that violent career criminal provisions, enacted by chapter 95-182, Laws of Florida, violate single subject requirement of Article III, section 6 of Florida Constitution); see also Salters v. State, 758 So.2d 667, 671 (Fla.2000)(holding that those persons with standing to challenge their sentence on this basis are those whose offenses were committed on or after October 1, 1995, and before May 24, 1997). However, Williams has not raised that ground in the instant motion for post-conviction relief.