PER CURIAM.
Mr. Ferguson appeals his convictions and sentences for first-degree murder and burglary with a battery. He maintains that the trial court improperly denied his motion to suppress certain articles obtained pursuant to a search warrant. He. also disputes the upward departure on his sentence for the burglary conviction because the trial court provided no written reasons. Finally, he contests the denial of any notice and hearing prior to the imposition of attorney’s fees and costs. We find no error in the trial court’s denial of the motion to suppress and affirm the defendant’s convictions. We reverse the upward departure sentence and the order imposing costs and attorney’s fees.
In sentencing the defendant on the burglary conviction, the trial court departed upward without giving written reasons. Although the unscored capital conviction would be a valid reason for an upward departure, we cannot affirm the sentence when that reason has not been reduced to writing. Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986); Ree v. State, No. 71,424
(Fla. Nov. 16, 1989) [14 F.L.W. 565]; State v. Jackson, 478 So.2d 1054 (Fla.1985).
Finally, Mr. Ferguson was not given any notice and hearing before the trial court imposed attorney’s fees and costs. The state argues that the defendant waived his right to notice and hearing by signing the affidavit of insolvency. Mr. Ferguson was entitled to notice and a hearing before the imposition of attorney’s fees and costs, notwithstanding the signed affidavit of insolvency. Bull v. State, 548 So.2d 1103 (Fla.1989); Wood v. State, 544 So.2d 1004 (Fla.1989).
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
FRANK, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.