661 So.2d 343 (1995)
Vernon SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02152.
District Court of Appeal of Florida, Second District.
October 4, 1995.
*344 Dwight M. Wells, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The defendant appeals the judgments and sentences imposed for three new offenses and the sentences imposed for violations of probation in two previous cases. He raises three issues. We find error only in the sentences imposed for the violations of probation.
At sentencing, the trial court declared the defendant a habitual offender for the three new offenses. In sentencing the defendant for the violations of probation, the trial court used a newly prepared sentencing guidelines scoresheet which included the three new habitual offender convictions instead of using the original scoresheet for the prior offenses. Because the defendant was sentenced as a habitual offender on the new offenses, it was error to utilize a single scoresheet that included these convictions. We recognize that in State v. Lamar, 659 So.2d 262 (Fla. 1995), the supreme court recently held that, where a defendant is sentenced at the same sentencing hearing for a new felony and a violation of probation grounded upon the new felony, the trial court should use a single scoresheet and may impose the most severe sentencing scheme permissible as outlined in State v. Tito, 616 So.2d 39 (Fla. 1993). However, because habitual offender convictions may not be included on the sentencing guidelines scoresheet, Lamar does not apply when a defendant is sentenced as a habitual offender on the new offenses. On remand, the trial court should use the original scoresheet with a one-cell bump for the violation of probation. See Silvestrini v. State, 633 So.2d 1143 (Fla. 2d DCA 1994). The trial court may not reconsider the habitual offender sentences it imposed for the new convictions. However, should the trial court decide to impose consecutive sentences, they must be structured so that the habitual offender sentence is served first. See Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992).
Reversed and remanded for resentencing.
THREADGILL, C.J., and RYDER and FULMER, JJ., concur.