ALTENBERND, Judge.
Juan Moran appeals his sentence imposed after a violation of community control. We reverse the sentence because the trial court imposed a period of incarceration longer than the suspended portion of this true split, habitual offender sentence.
In 1993, the state charged Mr. Moran with robbery. He agreed to plead nolo con-tendere in exchange for a true split sentence. The agreement called for a suspended five-year period of incarceration as a habitual offender, subject to one year of community control, followed by three years’ probation.[1] This true split sentence was imposed in November 1994. He violated his community control in 1995, and the trial court imposed a ten-year period of incarceration as a habitual offender.
Prior to Mr. Moran’s negotiated plea, this court announced that a habitual offender sentence could be imposed as a true split sentence subject to the conditions described in Poore v. State, 531 So.2d 161 (Fla.1988). Wallace v. State, 618 So.2d 797 (Fla.App. 2nd Dist.1998). Accordingly, the maximum sentence that could have been imposed upon this violation of community control was five years’ imprisonment as a habitual offender. On remand, the trial court shall also prepare a written order specifying the conditions of community control that were violated in this case.
Reversed and remanded for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and BLUE, J., concur.

. Poorer. State, 531 So.2d 161 (Fla.1988), seems to describe a period of probation or community control equal to the suspended sentence. The fact that this agreement provides for a shorter period of probation and community control is not an issue in this appeal.