718 So.2d 253 (1998)
Ronald WATSON, a/k/a Ronald Washington, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03386.
District Court of Appeal of Florida, Second District.
August 28, 1998.
Rehearing Denied September 28, 1998.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Ronald Watson appeals the judgments and sentences entered by the trial court for three new felony convictions, and the sentence that the trial court imposed upon revocation of Watson's community control. Although we find no merit in Watson's attacks on his convictions, we do agree that the trial court erred by failing to renew the offer of assistance of counsel at the sentencing hearing. Therefore, we affirm the judgments, but reverse the sentences and remand for a new sentencing hearing.
After the withdrawal of six different court-appointed attorneys, the trial court determined that Watson had forfeited his right to counsel and then proceeded to trial with Watson representing himself. Following the *254 jury's verdict, the trial court immediately sentenced Watson. We conclude that the trial court did not err by determining that Watson had forfeited his right to counsel. See Waterhouse v. State, 596 So.2d 1008 (Fla. 1992). However, it does not necessarily follow that he forfeited his right to have counsel for the sentencing phase, which is a critical stage. See United States v. McLeod, 53 F.3d 322, 324 (acknowledging that "appointment of counsel for indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected."). In McLeod, the court noted that McLeod only forfeited his right to counsel at the hearing on the motion for new trial, and that he was appointed counsel for appeal and sentencing. See id. at 325 n. 13. We conclude that, although Watson had waived his right to counsel for the jury trial, the trial court should have inquired of Watson whether he wanted an attorney to represent him at the sentencing hearing.
Because we are remanding this case for a new sentencing hearing, we note the following trial court errors which occurred at Watson's sentencing. First, this record does not contain an order of revocation of community control specifying which conditions of community control Watson violated. The sentencing transcript reflects that the trial court found that Watson violated his community control by committing a new crime, by admitting to the use of cocaine on two occasions, and by failing to remain confined on several occasions in violation of the conditions of community control. If there is no order of revocation, upon remand the trial court shall enter an order specifying the conditions of community control that Watson violated. See Remich v. State, 696 So.2d 1270, 1271 (Fla. 2d DCA 1997).
Second, we note that the trial court erred by including the violation of community control as an additional offense in calculating the sentence on the new habitual offender sentence. Assuming that the trial court revoked Watson's community control based on this new offense, then the trial court was required to use a separate scoresheet because it imposed a habitual offender sentence on the new offense. See Simmons v. State, 661 So.2d 343, 344 (Fla. 2d DCA 1995). In Simmons, this court recognized that "where a defendant is sentenced at the same sentencing hearing for a new felony and a violation of probation grounded upon the new felony, the trial court should use a single scoresheet and may impose the most severe sentencing scheme permissible" based upon the supreme court's holding in State v. Lamar, 659 So.2d 262 (Fla.1995). However, this court determined that Lamar did not apply to cases involving habitual offender convictions. See Simmons, 661 So.2d at 344. Instead, when a defendant is being sentenced on the new offense as a habitual offender and on a violation of probation or community control, the court must use two scoresheets. This court held that "because habitual offender convictions may not be included on the sentencing guidelines scoresheet ... [t]he court should use the original scoresheet with a one-cell bump for the violation of probation." Id. Additionally, we note that the trial court erred by structuring the sentences so that the habitual offender sentence was consecutive to the violation of community control sentence. On remand, if the trial court again decides to impose consecutive sentences, then the court must structure the sentences so that the habitual offender sentence is served first. See Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992).
Third, we agree with Watson that the trial court erred by imposing three years' state prison upon violation of community control. Originally, the trial court imposed two years in state prison followed by one year of probation, suspended to two years of community control followed by one year of probation. The trial court can impose a true split sentence in which the entire period of incarceration is suspended. See State v. Powell, 703 So.2d 444, 445 (Fla.1997). Furthermore, in Moran v. State, 683 So.2d 603, 604 (Fla. 2d DCA 1996), this court held that the length of the suspended portion of the true split, habitual offender sentence was the maximum term of imprisonment that the trial court could impose after the defendant had violated the conditions of his community control. Accordingly, because this was a true split sentence, the trial court erred by imposing a period of *255 incarceration beyond the two-year suspended portion of the true split, habitual offender sentence.
Finally, Watson correctly argues that the trial court erred by imposing attorney's fees without notice of the right to a hearing even though he had signed an affidavit of insolvency. See Ferguson v. State, 554 So.2d 1214, 1215 (Fla. 2d DCA 1990). The trial court also erred by imposing the discretionary $2 cost without oral pronouncement. Upon remand, the trial court should comply with Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
We affirm the convictions. However, we vacate the sentences and reverse and remand to the trial court for a new sentencing hearing, prior to which the trial court will make an offer of assistance of counsel to Watson.
ALTENBERND and GREEN, JJ., concur.