976 So.2d 29 (2008)
Sean Joseph MONTANYE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-829.
District Court of Appeal of Florida, Fifth District.
January 25, 2008.
Rehearing Denied March 6, 2008.
*30 James S. Purdy, Public Defender, and Robert E. Wildridge, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, C.J.
Sean Montanye (defendant) appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the crime of felony battery. Determining that unobjected-to improper comments made by the prosecutor during his closing argument do not rise to the level of fundamental error, we affirm. However, we write to address the impropriety of the prosecutor's comments.
The defendant was charged with committing the crime of felony battery. The charges arose out of a fight that occurred at a party between the defendant and the victim, who was an off duty policemen and an invited guest to the party. The victim was severely injured as a result of the fight.
During the trial, several eyewitnesses testified that the defendant had committed the battery. Thereafter, the defendant's brother, Josh Montanye, took the stand *31 and testified that he, not the defendant, had committed the battery. On cross-examination, Josh acknowledged the fact that he was aware that the statute of limitations on the crime had already expired.
During his closing argument, the prosecutor made several statements which the defendant argues were improper. Defense counsel only objected to one of the comments and that objection was sustained and led to the issuance of a curative instruction. Accordingly, as to all of the other statements, appellate relief is only available if the unobjected-to comments rose to the level of fundamental error. See Merck v. State, 975 So.2d 1054, 2007 WL 4259197 (Fla. Dec. 6, 2007). Fundamental error has been defined as being error which "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Kilgore v. State, 688 So.2d 895, 898 (Fla.1996)(quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)). See also Capron v. State, 948 So.2d 954, 956-957 (Fla. 5th DCA 2007).
Our review of the record leads us to the conclusion that several of the statements made by the prosecutor were indeed improper. For example, at one point during his argument, the prosecutor stated: "If Josh Montanye is lying, Sean is guilty. Josh Montanye is lying. Josh Montanye is lying, and he is doing it to get you all to buy it." This comment not only improperly expressed the prosecutor's personal opinion about the credibility of a witness, but also attempted to improperly shift the burden of proof to the defense (since simply proving that Josh Montanye was lying would not meet the State's burden of proving the case of Sean's guilt beyond a reasonable doubt). See Gore v. State, 719 So.2d 1197, 1200 (Fla.1998)(condemning a prosecutor's closing statement because it "enunciated an erroneous and misleading statement of the State's burden of proof because it improperly asked the jury to determine whether Gore was lying as the sole test for determining the issue of his guilt.").
In Gore, our supreme court further noted that it is improper for a prosecutor to "engage in vituperative or pejorative characterizations of a defendant or witness." Id. at 1201. Such was done by the prosecutor in this case when he demeaned the defendant's defense by stating: "I was expecting them to say that the sun was in their eyes and the dog ate their homework." The most egregious comment along these lines occurred when the prosecutor was discussing why Josh Montanye's wife, who was present during the altercation, was not called as a witness by the defense. He stated: "Maybe one perjurer in the family was enough."
Upon careful review of the instant record we conclude that the prosecutor's improper statements do not rise to the level of fundamental error; however, we admonish the prosecutor that such comments are improper.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.