SCHWARTZ, Senior Judge.
 

 None of the points raised on this appeal from a conviction for aggravated battery (with a machete) after a jury trial presents reversible error. Discussing the most significant ones, which each stem from the indigent defendant’s self-representation at trial:
 

 1. Although the attempted
 
 Faret-ta
 

 [1]
 

 inquiries may not have passed legal muster, see
 
 Tennis v. State,
 
 997 So.2d 375 (Fla.2008);
 
 Austin v. State,
 
 995 So.2d 1174 (Fla. 4th DCA 2008), the trial court did not err in requiring Jackson to proceed without counsel. This is because his recalcitrance, antagonism and even personal attacks upon each of a lengthy series of court-appointed attorneys, all of whom were required to withdraw, rendered it obvious that he simply would not permit himself to be represented by anyone and amounted to a binding forfeiture or waiver of that right.
 
 See Illinois v. Allen,
 
 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970);
 
 United States
 
 v.
 
 Irorere,
 
 228 F.3d 816 (7th Cir.2000);
 
 United States v. McLeod,
 
 53 F.3d 322 (11th Cir.1995);
 
 Foster v. Waimuright,
 
 686 F.2d 1382 (11th Cir.1982),
 
 cert. denied,
 
 459 U.S. 1213, 103 S.Ct. 1209, 75 L.Ed.2d 449 (1983);
 
 State v. Young,
 
 626 So.2d 655 (Fla.1993);
 
 Jones v. State,
 
 449 So.2d 253 (Fla.1984).
 

 2. What the appellant characterizes as self-initiated “interjections” by the trial judge were motivated by the judge’s appropriate interest in preserving the regularity and orderliness of the proceeding.
 
 See Johnson v. State,
 
 608 So.2d 4, 9 (Fla.1992);
 
 Baisden v. State,
 
 203 So.2d 194, 195 (Fla. 4th DCA 1967). More importantly, they were not skewed against the defendant and thus did not deprive him of a fair trial, so as to require a new one.
 
 See Ross v. State,
 
 386 So.2d 1191 (Fla.1980);
 
 Kopel v. Kopel,
 
 832 So.2d 108, 108 (Fla. 3d DCA 2002) (Schwartz, C.J., specially concurring), and cases collected,
 
 review denied,
 
 848 So.2d 1154 (Fla.2003).
 

 3. An erroneous comment by the prosecutor as to the burden of proof was not objected to and was not fundamental error.
 
 See Montanye v. State,
 
 976 So.2d 29 (Fla. 5th DCA 2008).
 

 Affirmed.
 

 [1]
 

 .
 
 Faretta
 
 v.
 
 California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).