ROBERTS, J.
The appellant, Devin Bowden, was placed on community control/probation in February' 2012 in two underlying cases. He appeals the order revoking his community control/probation that resulted in his subsequent incarceration. Although it seems likely that the appellant’s behavior constituted grounds for forfeiting his right to counsel, we are constrained to reverse given the record before us.
An affidavit of violation of probation (VOP) was filed charging the appellant with several violations. The appellant was found to be indigent, and the public defender was appointed. The public defender represented the appellant at two pretrial hearings before moving to withdraw. Conflict counsel was then appointed who also moved to withdraw. A private attorney, A1 Sauline, was then appointed to represent the appellant. Sauline proceeded to represent the appellant at two pretrial hearings in December 2012 and January 2013.
At the outset of the pre-trial hearing on January 14, 2013, the trial court indicated that it understood that the appellant believed Sauline was incompetent and wanted to discharge him as counsel. The appellant replied that he “pretty much” wanted to discharge Sauline. When asked why, the appellant stated that Sauline did not like him, which was something he had heard from “every attorney.” The trial court then stated that it had reviewed the letters the appellant had written to Sauline in which the appellant threatened to kill Sauline’s wife, rape his secretary and children, and threatened to perform homosexual acts on Sauline. The transcript of the pre-trial hearing shows that the appellant’s attempts to deny or respond in any way to these allegations were cut off by the trial court. The abusive letters were not included in the record on appeal, and there is no record indication that the trial court ever questioned Sauline about the letters. The trial court then stated,
So, Mr. Bowden, I’m going to find that Mr. Sauline is not deficient, but I am going to find that there is a sufficient conflict of interest that exists such that he is discharged, based upon your own doing, from representing you any further. You shall represent yourself or hire your own attorney going forward. Your evidentiary hearing has been previously set for February 11th. I will see 4 you at that time.
*266 On February 11, 2013, the appellant appeared pro se for his VOP hearing during which his probation was revoked on three grounds. The trial court immediately proceeded to sentencing, and the appellant was sentenced to concurrent five and seven years’ incarceration in his underlying cases. There was no mention of the appellant’s pro se status at either the VOP hearing or sentencing.
The appellant argues on appeal that the trial court erred by discharging Sauline without appointing new counsel to represent him during his VOP hearing. He finds further error in the trial court’s failure to hold a Faretta[1] hearing before effectively requiring the appellant to act pro se. We find that a defendant may forfeit his right- to counsel by egregious behavior. However, under the particular facts of this case, we are constrained to reverse.
Both the United States and the Florida Constitutions guarantee an indigent criminal defendant the right to assistance of appointed counsel. See U.S. Const, amend. VI; Art I, sec. 16, Fla. Const. The right to counsel is a fundamental right that applies to every critical stage of the proceedings. Florida has determined that a person subject to probation revocation has an absolute right to counsel unless there has been informed waiver thereof. State v. Hicks, 478 So.2d 22, 23 (Fla.1985). An informed waiver is found when a defendant makes an affirmative waiver of the right to counsel and the record shows the trial court held a hearing to determine whether the waiver was knowingly and intelligently made. See Faretta, 422 U.S. at 834, 95 S.Ct. 2525. In addition, the defendant choosing to represent himself should be “made aware of the dangers and disadvantages of self-representation, so the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’” Id. (citation omitted). The deprivation of the right to counsel at a probation revocation hearing without evidence of a knowing and intentional waiver is fundamental error. See e.g., Brady v. State, 910 So.2d 388, 390 (Fla. 2d DCA2005).
The State argues that the trial court was not required to hold a Faretta hearing or to appoint new counsel because the appellant forfeited his right to counsel by his misconduct. Indeed, since the mid-1990s, state and federal courts have found that a defendant may forfeit his right to counsel such that the procedural safeguards typically associated with waiver of counsel do not apply.
In United States v. McLeod, 53 F.3d 322, 323 (11th Cir.1995), the defendant was appointed new counsel to represent him on a motion for new trial. Counsel briefed the motion for new trial and then moved to withdraw as counsel. Id. A hearing was held on the motion to withdraw during which counsel testified that the defendant was abusive, had repeatedly threatened to sue him, and had asked him to engage in unethical conduct. Id. Although given the opportunity, the defendant declined to testify. Id. The court granted the motion to withdraw and declined to appoint new counsel stating that the defendant’s behavior constituted a waiver. Id. Notably, new counsel was appointed for subsequent proceedings such as the defendant’s appeal and sentencing. Id. at 363, n. 13.
In considering the propriety of the court’s discharge of appointed counsel, the Eleventh Circuit cited, by way of analogy, other instances in which a criminal defendant could forfeit a constitutional right by his behavior, i.e., misbehavior in the court *267 room could result in a forfeiture of the constitutional right to be present at trial. Id. at 325. Despite stating that it was troubled by the fact that the defendant was not warned that his misbehaviors might lead to pro se representation, the Eleventh Circuit nonetheless affirmed, finding that the defendant had forfeited his right to counsel by his misconduct and stating, “[W]e conclude that under certain circumstances, a defendant who is abusive toward his attorney may forfeit his right to counsel.” Id.
Shortly thereafter, the Third Circuit, in United States v. Goldberg, 67 F.3d 1092 (3d Cir.1995), distinguished the concept of forfeiture from waiver or implied waiver by conduct, stating,
Unlike waiver, which requires a knowing and intentional relinquishment of a known right, forfeiture results in the loss of a right regardless of the defendant’s knowledge thereof and irrespective of whether the defendant intended to relinquish the right.
Id. at 1100.
The Third Circuit declined to apply a forfeiture analysis to the case before it in part because the defendant’s alleged death threats to his attorney were not established at a hearing at which the defendant was present or represented. Id. at 1101-02.
One year later, the Third Circuit found that a defendant’s “extremely serious misconduct,” physically attacking his attorney in the courtroom, constituted a forfeiture of the right to counsel. See United States v. Leggett, 162 F.3d 237, 250 (3d Cir.1998). The Third Circuit distinguished Goldberg on the grounds that the assault occurred in full view of the district court and the defendant had been given the opportunity to contest the forfeiture at a later adversarial proceeding. Id.
More recently in Gilchrist v. O’Keefe, 260 F.3d 87 (2d Cir.2001), a habeas proceeding, then circuit judge Sonia Sotoma-yor considered whether the lower court’s determination that the defendant’s constitutional right to counsel was not violated by the court’s refusal to appoint new counsel for sentencing when appointed counsel withdrew after the defendant punched him. Judge Sotomayor stated that “even absent a warning, a defendant may be found to have forfeited certain trial-related constitutional rights based on certain types of misconduct.” Id. at 97.
State courts have also been willing to find forfeiture when a defendant either physically or orally abuses his counsel. See e.g., Commonwealth v. Thomas, 879 A.2d 246 (Pa.Super.Ct.2005) (affirming forfeiture of counsel where a defendant was abusive and threatening toward, five appointed attorneys). There is very little case law in Florida, but in Jackson v. State, 2 So.3d 1036, 1037 (Fla. 3d DCA 2009), the Third District held,
Although the attempted Faretta inquiries may not have passed legal muster ... the trial court did not err in requiring Jackson to proceed without counsel. This is because his recalcitrance, antagonism and even personal attacks upon each of a lengthy series of court-appointed attorneys, all of whom were required to withdraw, rendered it obvious that he simply would not permit himself to be represented by anyone and amounted to a binding forfeiture or waiver of that right.
Although there is very little recitation of facts in Jackson, it demonstrates that Florida courts have also been willing to apply a forfeiture analysis in certain circumstances.
Thus, allegations to kill, rape, or otherwise harm an appointed attorney could constitute grounds for forfeiture of ■ the right to counsel. Although a funda *268 mental right, “the right to counsel is a shield, not a sword. A defendant has no right to manipulate his right for the purpose of delaying and disrupting the trial.” United States v. White, 529 F.2d 1390, 1393 (8th Cir.1976). Upon a declaration of forfeiture, a trial court would not be obligated to conduct a Faretta hearing or to otherwise warn a defendant of the dangers of proceeding pro se. However, we are constrained to reverse here because the only evidence in the record regarding the appellant’s abusive behavior came in from the trial court’s own statements. Although the State argues the appellant admitted to writing the abusive letters, our review of the transcript reveals no such admission. The appellant’s attempts to deny or otherwise respond to the allegations of abuse were immediately cut off by the trial court. The indigent appellant was effectively forced to proceed to the revocation hearing pro se and was imprisoned as a result. Given the severity of the sanction of forfeiture of the right to counsel and the lack of record basis to support a finding of forfeiture in the instant case, we REVERSE and REMAND to provide the appellant with a new violation of probation hearing.
RAY and SWANSON, JJ, concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).