IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
September 29, 2025 03:48 PM
SX-2025-CR-00022
**TAMARA CHARLES
CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

PEOPLE OF THE VIRGIN ISLANDS,

Plaintiff,

v.

JIMMY DAVIS,

Defendant.

**CASE NO. SX-2025-CR-00022**

**2025 VI SUPER 35 U**

## MEMORANDUM OPINION and ORDER DENYING MOTION TO BE RELIEVED

¶ 1    Before the Court are Office of Conflict Counsel ("OCC")'s Motion to be Relieved as Counsel ("Motion to be Relieved") with Memorandum of Points and Authorities in Support of Motion to be Relieved as Counsel ("Memorandum"), and Motion to File Motion to be Relieved as Counsel Under Seal ("Motion to File Under Seal"), both filed April 16, 2025. For the reasons that follow, the Motion to File Under Seal will be granted, and the Motion to be Relieved will be denied without prejudice.

### BACKGROUND

¶ 2    By Order entered February 28, 2025, the Office of the Territorial Public Defender ("OTPD"), originally appointed to represent Defendant herein, was relieved as assigned counsel pursuant to its January 27, 2025 motion, supported by affidavit, relative to an incident that occurred on August 1, 2024, during OTPD's representation of Defendant in a former matter (SX-2020-CR-00098). Therein, Defendant made remarks understood to be a threat against the life of an employee of OTPD, prompting the employee, on the instruction of the Chief and Deputy Chief TPD, to file a police report.

¶ 3    The Order relieving OTPD was further based upon OTPD's February 26, 2025 Emergency Motion to Be Relieved as Counsel for Defendant ("Emergency Motion"), citing new communications between Defendant and OTPD staff and attorneys that occurred February 19,

2025,[1] and generally, Defendant's "refusal to refrain from using profanity and threatening language." Emergency Motion, ¶ 5.

¶ 4      OCC was appointed counsel by Order entered March 4, 2025. Its Motion to be Relieved alleges extremely serious misconduct by Defendant, but offers only counsel's Statement of Facts within its Memorandum, unaccompanied by affidavit or declaration, presenting facts that support the Motion to be Relieved.[2] This defect in OCC's presentation can be readily cured by counsel's submission of competent supporting evidence. The Court also acknowledges counsel's obligation to present only factually supported representations in his filings. "By presenting to the court a pleading, written motion, or other paper… an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… the factual contentions have evidentiary support." V.I. R. Civ. P. 11(b)(3). *See also* V.I. S. St. R. 211.3.3(a)(1) (Candor Toward the Tribunal. "A lawyer shall not knowingly: make a false statement of fact or law to a tribunal…").

## DISCUSSION

¶ 5      If properly supported, OCC's representation of Defendant could be seen to present a concurrent conflict of interest in that there might be a significant risk that its representation would be materially limited by the personal interests of OCC counsel and staff. Motion to be Relieved, ¶ 10, citing V.I. S. Ct. R. 211.1.7(a)(2). The personal interests of OCC counsel and staff include the interest in feeling safe in their relations with clients. The Motion to be Relieved reports that the sense of personal safety of OCC counsel and staff has been jeopardized here, such that OCC asserts that there is a significant risk that its representation of Defendant will be materially limited.

¶ 6      Nonetheless, the Motion to be Relieved as presented is technically deficient in its failure to provide competent evidentiary support. It is hoped and expected that the admonitions to

---

[1] The Emergency Motion stated that "Affidavits are being prepared to support these encounters," but none appear of record to date.

[2] "The moving party must serve any supporting affidavit with the motion." V.I. R. Crim. P. 47(d). It is error for a court to make "factual findings based on the unsworn representations of the Government's counsel." *Moorhead v. Mapp*, 62 V.I. 595, 599 (V.I. 2015).

Defendant set forth herein will result in the cessation of the type of misconduct that gave rise to OCC's Motion and obviate the need for any similar request for relief from counsel in the future. To the extent that those hopes and expectations do not come to fruition, the denial of OCC's Motion is without prejudice such that a similar motion may be presented again if Defendant's future conduct is similarly egregious.

¶ 7    The interests of justice and of judicial economy, as well as Defendant's personal interests, are all best served by having his legal defense to these serious charges handled by seasoned career criminal defense practitioners of the OCC, with decades of trial experience. Were the present Motion granted, Defendant's representation would be assigned to private counsel from the alphabetical roster of regularly admitted members of the Virgin Islands Bar Association in St. Croix, irrespective of any other considerations. *See* V.I. S. Ct. R. 210.2(a)(4)(iii).

¶ 8    A criminal defendant has the right to counsel under the Sixth Amendment of the United States Constitution, applicable to the Virgin Islands by Section 3 of the Revised Organic Act of 1954, as amended. That right "is not absolute. A defendant may lose his or her right to counsel through forfeiture or waiver."[3] "The Supreme Court has made clear that a waiver of the right to counsel must be knowing, voluntary and intelligent."[4]

¶ 9    In *Morton*, the Superior Court explained that "a defendant has 'forfeited' his Sixth Amendment right to counsel after having engaged in 'extremely dilatory conduct' or 'extremely serious misconduct.' . . . [T]hreats of violence made by a defendant against his attorney, or the attorney's family, may constitute 'extremely serious misconduct' that may justify a finding that a

---

[3] *People of the Virgin Islands v. Morton*, 55 V.I. 428, 436 (V.I. Super. Ct. 2011) (citing *United States v. Leggett*, 162 F.3d 237, 249 (3d Cir. 1998)).

[4] *United States v. Goldberg*, 67 F.3d 1092, 1099 (3d Cir. 1995) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464-65 (1938)).

defendant has forfeited his right to counsel."[5] Forfeiture determinations are factual inquiries and are only made after the parties have had an opportunity to be heard.[6]

¶ 10    The Third Circuit in *Goldberg* also described "a hybrid situation ('waiver by conduct') that combines elements of waiver and forfeiture. Once a defendant has been warned that he will lose his attorney if he engages in dilatory tactics, any misconduct thereafter may be treated as an implied request to proceed *pro se* and, thus, as a waiver of the right to counsel."[7] Waiver by conduct is distinguished from forfeiture in that it "could be based on conduct less severe than that sufficient to warrant a forfeiture. This makes sense since a 'waiver by conduct' requires that a defendant be warned about the consequences of his conduct, including the risks of proceeding *pro se*."[8]

¶ 11    The conduct of Defendant herein, as described in the motions of OTPD and OCC to be relieved as counsel, while serious and unacceptable, at this stage of this case, does not give cause for the Court to *sua sponte* consider whether Defendant has by his conduct waived or forfeited his right to counsel in this action. That conduct, however, especially in light of Defendant's history, is sufficiently troubling to require the Court to admonish Defendant and to put him on notice that comparable future conduct will not be tolerated and may expose Defendant not only to a loss of his current counsel, but also to a determination that by his conduct he has waived or forfeited his right to representation, such that he may not be assigned future appointed counsel.

---

[5] 55 V.I. at 437-38 (citing *U.S. v. Thomas*, 357 F.3d 357 (3d Cir. 2004) (The defendant in *Thomas* "'forfeited' his right to counsel due to his misconduct" where he "was appointed four different attorneys, was verbally abusive, made violent threats, blatantly refused to cooperate with counsel, and attempted to force his attorneys to file several meritless, frivolous motions on his behalf.")).

[6] *See U.S. v. Goldberg*, 67 F.3d 1092, 1102 (3d Cir. 1995) ("[O]n the facts of this case an *ex parte* hearing where the defendant's interests were not represented cannot be used to justify a *post hoc* forfeiture argument.") (citing *United States v. McLeod*, 53 F.3d 322, 325-26 (11th Cir. 1995) ("the Court of Appeals for the Eleventh Circuit found that the defendant's abusive conduct forfeited his right to counsel, [where] the district court had conducted a hearing at which McLeod was present and permitted to testify.")).

[7] 67 F.3d at 1100.

[8] *Id.* 67 F.3d at 1101. *See also Faretta v. California*, 422 U.S. 806, 835 (1975) (relinquishment of benefits provided by counsel must be knowing and intelligent, and defendant should be made aware of the risks of self-representation), *U.S. v. Welty*, 674 F.2d 185, 188-89 (3d Cir. 1982) (finding of waiver must be knowing, intelligent and voluntary, and of a nature that satisfies a judge in making that finding).

¶ 11    For the sole purpose of demonstrating that the behavior of Defendant referenced in the OTPD and OCC motions is not an aberration, but rather is consistent with Defendant's past conduct, the Court takes judicial notice of the records of the Superior Court in two, of many, criminal cases previously brought against Defendant Davis: SX-2020-CR-00098 (conviction presently on appeal) and ST-2022-CR-00054 (trial pending).[9] In those two matters, three different attorneys appointed to represent Defendant filed motions to be relieved as counsel, alleging threats of violence by Defendant toward each attorney's respective staff.

¶ 12    Further, approximately ten different attorneys appointed to represent Defendant in those cases filed motions to be relieved as counsel, alleging inappropriate and uncooperative behavior, or Defendant's request that they no longer represent him.[10]

¶ 13    The Court makes no finding that any of the conduct referenced by former appointed counsel actually occurred, and has no competent proof presented by OCC in this case. Yet, the conduct alleged is noted for the purpose of highlighting the history of withdrawals of appointed attorneys representing Defendant Davis in matters before the Superior Court. It is in light of this history that an admonition to Defendant is appropriate and necessary to ensure that no future similar disruptions of proceedings take place in this matter.

¶ 14    By this Order, the Court admonishes Defendant and will require OCC counsel to advise Defendant that similar conduct shall not be repeated. If conduct such as that alleged in the Motions of OTPD and OCC (and by counsel in other cases) does occur in the future in this matter,

---

[9] OCC continues to serve as counsel of record for Defendant Davis in ST-2022-CR-00054, although it has filed a motion under seal to be relieved of its obligation to defend Davis in that action.

[10] In SX-2020-CR-00098, Defendant Davis filed an interlocutory appeal concerning a pretrial release ruling, resulting in an Order wherein the Supreme Court admonished Davis that repeating any of the actions described in the trial court's November 29, 2022 Memorandum Opinion (2022 VI Super 95) relative to motions presented by appointed counsel seeking relief from the appointment "SHALL RESULT in an order to show cause as to why this Court should not find that he has forfeited his Sixth Amendment right to counsel." *Davis v. People*, SCT-CRIM-2022-0115, Order (Oct. 23, 2023) (emphasis in original). The conduct described was drawn from a litany of motions alleging live and telephoned threats of physical harm to counsel, staff and families, accusations, combative and abusive behavior, disagreements regarding representation, among other conduct that resulted in significant delays in the in the process and progress of the case and a complete breakdown of trust and of the attorney-client relationships.

Defendant risks the loss of present counsel and may be subject to an order to show cause why the Court should not find that he has forfeited his Sixth Amendment right to counsel.

¶ 15    In light of Defendant's conduct in this matter as reported in the motions of OTPD and OCC, recognizing Defendant's past history of alleged comparable conduct, Defendant risks here the potential loss of counsel, by waiver through continued dilatory conduct or by forfeiture, potentially leaving Defendant to represent himself against these serious pending criminal charges. The Constitution recognizes the right to appointed counsel of accused persons without resources to procure representation, and the Court does not take lightly the prospect of ruling that, by his conduct, Defendant has waived or forfeited his right to counsel. Nonetheless, disruptive conduct will not be sanctioned or tolerated and if future disruptive conduct occurs, Defendant risks the prospect of being required to show cause why his conduct should not result in a finding that he has forfeited his right to representation by appointed counsel.

## CONCLUSION

¶ 16    The reported conduct of Defendant set forth in OCC's Motion to be Relieved is egregious and unacceptable and will not be tolerated. OCC's technically deficient Motion to be Relieved will be denied without prejudice. Defendant is admonished that comparable future conduct may subject him to an order to show cause as to why the Court should not find that Defendant has forfeited his Sixth Amendment right to counsel in this action.

In light of the foregoing, it is hereby

ORDERED that OCC's Motion to be Relieved, filed April 16, 2025, is DENIED, without prejudice. It is further

ORDERED that a copy of this Order shall FORTHWITH be served on Defendant personally, and on counsel of record. It is further

ORDERED that OCC counsel shall review the substance of this Order with Defendant, and shall specifically advise Defendant that should he take any future actions against counsel or their staff that amounts to extremely serious misconduct, similar to that alleged in the Motions of OTPD and OCC to be relieved, and as described in this Order, said action may result in an order to show

cause why this Court should not find that Defendant has forfeited his Sixth Amendment right to counsel. It is further

ORDERED that the OCC's Motion to File Under Seal, filed April 16, 2025, is GRANTED and shall be maintained under seal. It is further

ORDERED that the People's Motion for the Court to Advise the Defendant that He May Forfeit and/or Waive his Right to Counsel by Conduct and Renewed Motion for the Court to Advise the Defendant that He May Forfeit and/or Waive his Right to Counsel by Conduct, filed March 6, 2025 and April 16, 2025, respectively, are DENIED as moot.

DATED: September **29**, 2025.

DOUGLAS A. BRADY, JUDGE

**ATTEST:**

TAMARA CHARLES
Clerk of the Court

By: _____

Court Clerk II

9/30/25